Andrew M. Federhar (No. 006567)
Jessica A. Gale (No. 030583)
SPENCER FANE LLP
2415 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
T: +1.602.333.5430; F: +1.602.333.5431
afederhar@spencerfane.com
jgale@spencerfane.com

Maximilian A. Grant (*pro hac vice*)
Adam M. Greenfield (*pro hac vice*)
Gabriel K. Bell (*pro hac vice*)
David A. Zucker (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, D.C. 20004
T: +1.202.637.2200; F: +1.202.637.2201
max.grant@lw.com
adam.greenfield@lw.com
gabriel.bell@lw.com
david.zucker@lw.com

Kimberly Q. Li (*pro hac vice*)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
T: +1.617.948.6000; F: +1.617.948.6001
kimberly.li@lw.com

*Attorneys for Defendants Amazon.com, Inc.
and Amazon Web Services, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Swarm Technology, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Amazon.com, Inc., and Amazon Web Services, Inc.,<br><br>Defendants. | Case No. 2:21-cv-00438-DJH<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants respectfully oppose Plaintiff Swarm Technology, LLC's request for leave to file a response to the Amazon Defendants' Notice of Supplemental Authority regarding *Aftechmobile Inc. v. Salesforce.com, Inc.*, -- F. App'x ---, No. 2021-1105, 2021 WL 2934819 (July 13, 2021). *See* Dkt. Nos. 46, 48.

Swarm's proposed response includes extensive argument and citation going far beyond Amazon's Notice—which simply identified new authority and exemplary relevant statements therein, without *applying* this new authority to the asserted patents in this case. The inappropriateness of Swarm's request is underscored by its attachment of argument in the form of the exhibits it previously submitted to the Court. Thus, Swarm's request is improper.

To the extent the request is granted and mindful of not perpetuating endless argument, Amazon responds briefly that Swarm still fails to defend the actual language of representative claim 1 of the '004 patent (asserted here). The bottom right corner of its Exhibit A even concedes the following: "Disclaimer: Summary only. Should not be used for claim construction, infringement, or validity purposes." In other words, the exhibit is irrelevant to whether the '004 and '275 patents are invalid under § 101. Lastly, Swarm's attempt to distinguish *Aftechmobile* (and the many other cases in its Exhibit B) on the basis that Swarm's patents improved the functioning of computers, whereas the patents in the other cases did not, is circular. Patent owners in the cases cited by Amazon *also* argued that their patents improved the functioning of computers, and the courts said no (e.g., any improvement flowed from the abstract idea itself).

DATED this 19th day of July, 2021

SPENCER FANE LLP

By */s/ Andrew M. Federhar*
Andrew M. Federhar
Jessica A. Gale

*Attorneys for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*

LATHAM & WATKINS LLP

By /s/ Adam M. Greenfield
    Maximilian A. Grant
    Adam M. Greenfield
    Gabriel K. Bell
    David A. Zucker
    Kimberly Q. Li

*Attorneys for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 19, 2021, a copy of the foregoing was filed electronically using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record.

Leo R. Beus
Michael K. Kelly
Timothy J. Casey
Christine N. Jones
BEUS GILBERT McGRODER PLLC
701 North 44th Street
Phoenix, AZ 85008-6504
Attorneys for Plaintiff
lbeus@beusgilbert.com
mkelly@beusgilbert.com
tcasey@beusgilbert.com
cjones@beusgilbert.com

*Attorneys for Plaintiff Swarm Technology, LLC*

　　　　　　　　　　　　　　*/s/ Andrew M. Federhar*