Andrew M. Federhar (No. 006567)
Jessica A. Gale (No. 030583)
SPENCER FANE LLP
2415 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
T: +1.602.333.5430; F: +1.602.333.5431
afederhar@spencerfane.com
jgale@spencerfane.com

Maximilian A. Grant (*pro hac vice*)
Adam M. Greenfield (*pro hac vice*)
Gabriel K. Bell (*pro hac vice*)
David A. Zucker (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, D.C. 20004
T: +1.202.637.2200; F: +1.202.637.2201
max.grant@lw.com
adam.greenfield@lw.com
gabriel.bell@lw.com
david.zucker@lw.com

Kimberly Q. Li (*pro hac vice*)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
T: +1.617.948.6000; F: +1.617.948.6001
kimberly.li@lw.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Swarm Technology, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Amazon.com, Inc., and Amazon Web Services, Inc.,<br><br>Defendants. | Case No. 2:21-cv-00438-DJH<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REASSIGN CASE** |

1  The Court should deny Plaintiff's Motion to Reassign this case. D.I. 73.

2  Plaintiff does *not* argue that there is a conflict or an appearance of conflict; nor does Plaintiff argue that reassignment is necessary to avoid either. D.I. 73.[1] Instead and based solely on information (understandably) disclosed by the Court in D.I. 71, Plaintiff argues that reassignment would "make everybody comfortable" and "avoid any appearance of conflict" stemming from Dr. Sylvester's declaration. But Plaintiff and Dr. Sylvester knew about their relationship with the Court before filing the declaration—i.e., nothing the Court disclosed was news to them. If either or both believed that there was an actual conflict or appearance of conflict, it was incumbent upon *Plaintiff* to (a) decline the engagement or (b) inform the Court and Amazon without waiting until the Court's disclosure and one business day before the previously set hearing before taking the dramatic step of moving for reassignment.

In any event, the Court's relationship with Dr. Sylvester and the law school does not present an actual conflict or appearance of conflict because the Court should disregard Dr. Sylvester's declaration in resolving Plaintiff's Motion for Leave for at least three reasons:

First, Dr. Sylvester's declaration is not properly before the Court because it is outside the pleadings. As Amazon explained, Plaintiff's Motion For Leave is futile because its proposed amended complaint, like its first complaint, could not survive a Rule 12(b)(6) motion to dismiss. *See* D.I. 68 at 6. "[U]nder Rule 12(b)(6) a district court may generally 'consider only facts and documents that are part of or incorporated into the complaint.'" *Athena Diagnostics, Inc. v. Mayo Collaborative Servs., LLC*, 915 F.3d 743, 755 (Fed. Cir. 2019) (affirming motion to dismiss for lack of patent-eligible subject matter under § 101 and "conclud[ing] that the district court did not abuse its discretion in declining to consider Athena's expert declaration"). Dr. Sylvester's declaration is outside the pleadings, not cited or referenced in the actual proposed amended complaint. For that reason alone, the

---

[1] Plaintiff also has not argued nor is it the case that any actual conflict or appearance of conflict existed *before* submission of Dr. Sylvester's declaration on October 20, 2021.

Court need not consider it.

Second, Dr. Sylvester's declaration is substantively irrelevant to the § 101 issue before the Court. For the reasons Amazon discussed in opposition to Plaintiff's motion for leave to amend, Dr. Sylvester's declaration does not, and cannot, change the lack of patent-eligible subject matter in the asserted patent claims themselves, as the Federal Circuit has repeatedly held. D.I. 68 at 17; *see, e.g., Yu v. Apple Inc.*, 1 F.4th 1040, 1046 (Fed. Cir. 2021) ("[P]atent eligibility can be determined at the Rule 12(b)(6) stage without the aid of expert testimony. It was not error for the district court to do so here." (citation omitted)); *Two-Way Media Ltd. v. Comcast Cable Commc'ns LLC*, 874 F.3d 1329, 1336 (Fed. Cir. 2017) (affirming ineligibility of patent claims and holding that district court properly disregarded the proffered "expert" testimony that was "irrelevant to [the] § 101 inquiry").

Third, Dr. Sylvester's declaration "is inappropriate matter for expert testimony." *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999), *as amended on denial of reh'g* (Mar. 17, 1999). "Experts 'interpret and analyze factual evidence. They do not testify about the law because the judge's special legal knowledge is presumed to be sufficient ….'" *Id.; see also Sheehy v. Santa Clara Valley Transportation Auth.*, 679 F. App'x 568, 569 (9th Cir. 2017) ("Because this portion of Sheehy's declaration is nothing more than a legal conclusion, it does not create a genuine issue of material fact.").[2]

For all of the above reasons, there is no actual conflict or appearance of conflict. It simply cannot be the case that Plaintiff can receive an unfavorable ruling, submit an expert declaration that should be disregarded entirely, wait until the Court's disclosure of information already known to Plaintiff, and have that declaration derail proceedings and waste the parties' and the Court's significant investment of resources to date. Amazon respectfully requests that the Court deny Plaintiff's motion and either reset the hearing at the Court's convenience or outright deny Swarm's motion for leave to amend.

---

[2] The declaration of Dr. Sylvester (a law professor) is nearly identical to the declaration Plaintiff submitted on behalf of Dr. Nelson (an engineering professor). *Compare, e.g.*, D.I. 66-3 (Nelson) ¶¶ 5-12, 15-34 *with* D.I. 66-4 (Sylvester) ¶¶ 17-45.

DATED: December 10, 2021

SPENCER FANE LLP

By /s/ *Andrew M. Federhar*
Andrew M. Federhar
Jessica A. Gale

*Attorneys for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*

LATHAM & WATKINS LLP

By /s/ *Adam M. Greenfield*
Maximilian A. Grant
Adam M. Greenfield
Gabriel K. Bell
David A. Zucker
Kimberly Q. Li

*Attorneys for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2021, a copy of the foregoing was filed electronically using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record.

*/s/ Andrew M. Federhar*
Andrew M. Federhar
Jessica A. Gale

*Attorneys for Defendants Amazon.com, Inc. and Amazon Web Services, Inc.*