Andrew M Federhar  (No. 006567)
Jessica A. Gale (No. 030583)
SPENCER FANE LLP
2415 E. Camelback Road, Suite 600
Phoenix, Arizona  85016
T: +1.602.333.5430; F: +1.602.333.5431
afederhar@spencerfane.com
jgale@spencerfane.com

Maximilian A. Grant (*pro hac vice*)
Adam M. Greenfield (*pro hac vice*)
Gabriel K. Bell (*pro hac vice*)
David A. Zucker (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, D.C. 20004
T: +1.202.637.2200; F: +1.202.637.2201
max.grant@lw.com
adam.greenfield@lw.com
gabriel.bell@lw.com
david.zucker@lw.com

Kimberly Q. Li (*pro hac vice*)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
T: +1.617.948.6000; F: +1.617.948.6001
kimberly.li@lw.com

*Attorneys for Defendants Amazon.com, Inc.
and Amazon Web Services, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Swarm Technology, LLC, | Case No. 2:21-cv-00438-DWL |
| Plaintiff, | **DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW** |
| v. | |
| Amazon.com, Inc., and Amazon Web Services, Inc., | |
| Defendants. | |

1

## **Table of Contents**

2   I.      INTRODUCTION..................................................................................... 1

3   II.     FACTUAL BACKGROUND ................................................................... 3

4   III.    LEGAL STANDARD ............................................................................. 5

5   IV.     ALL THREE TRADITIONAL FACTORS FAVOR A STAY ............................ 5

6           A.      Discovery Is Not Complete and No Trial Date Has Been Set .................... 6

7           B.      A Stay Will Simplify the Issues Before This Court ..................................... 6

8           C.      A Stay Will Not Unduly Prejudice Plaintiff or Allow Amazon
                    to Gain a Clear Tactical Advantage ........................................................ 10
9
    V.      DISCRETIONARY FACTORS FAVOR A STAY ............................................ 13
10
    VI.     CONCLUSION ..................................................................................... 15
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:21-cv-00438-DWL              i          Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*,
  2015 WL 545534 (N.D. Cal. 2015) ................................................................... 7

*Bettcher Indus. v. Bunzl USA, Inc.*,
  661 F.3d 629 (Fed. Cir. 2011) ........................................................................ 9

*Celorio v. On Demand Books LLC*,
  2013 WL 4506411 (D. Del. Aug. 21, 2013) .................................................. 11

*Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*,
  2016 WL 7507760 (C.D. Cal. Sept. 12, 2016) ............................................... 8

*Cypress Semiconductor Corp. v. GSI Tech., Inc.*,
  2014 WL 5021100 (N.D. Cal. 2014) .............................................................. 11

*DivX, LLC v. Netflix, Inc.*,
  2022 WL 1208167 (C.D. Cal. Mar. 29, 2022).......................................... 10, 12

*DNA Genotek Inc. v. Spectrum Solutions L.L.C.*,
  2016 WL 9047159 (S.D. Cal. Oct. 7, 2016) .................................................... 9

*Drink Tanks Corp. v. GrowlerWerks, Inc.*,
  2016 WL 3844209 (D. Or. 2016) ................................................................ 1, 5

*Evolutionary Intelligence LLC v. Yelp Inc.*,
  2013 WL 6672451 (N.D. Cal. 2013) ............................................................ 2, 7

*Garmin Switzerland GmbH v. FLIR Systems, Inc.*,
  2017 WL 6453346 (D. Or. Dec. 18, 2017) ..................................................... 8

*GoPro, Inc. v. C&A Marketing, Inc.*,
  2017 WL 2591268 (N.D. Cal. June 15, 2017).............................................. 10

*HD Silicon Solutions LLC v. Microchip Technology Inc.*,
  2022 WL 3084315 (N.D. Cal. Aug. 3, 2022) .................................................. 9

*IOEngine, LLC v. PayPal Holdings, Inc.*,
  2019 WL 3943058 (D. Del. Aug. 21, 2019) .................................................... 7

*Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc.*,
  486 F. Supp. 2d 990 (D. Ariz. Feb. 5, 2007) ................................................. 5

Case No. 2:21-cv-00438-DWL          ii          Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

*Murata Machinery USA v. Daifuku Co.*,
  803 F.3d 1357 (Fed. Cir. 2016) ................................................................ 5

*Murata Machinery v. USA Daifuku Co., Ltd.*,
  830 F.3d 1357 (Fed. Cir. 2016) .............................................................. 13

*Netflix, Inc. v. CA, Inc.*,
  2022 WL 1144631 (N.D. Cal. Mar. 30, 2022)......................................... 12

*NFC Tech. LLC v. HTC Am., Inc.*,
  2015 WL 106911 (E.D. Tex. 2015) ...................................................... 6, 13

*Oil States Energy Servs., LLC v. Greene Energy Group, LLC*,
  138 S. Ct. 1365............................................................................................ 1

*OKYN Holdings, Inc. v. Hori U.S.A., Inc.*,
  2022 WL 2189597 (C.D. Cal. Apr. 28, 2022) ...................................... 7, 10

*Parsons Xtreme Golf LLC v. Taylor Made Golf Co.*,
  2018 WL 6242280 (D. Ariz. Nov. 29, 2018).................................... *passim*

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
  2014 WL 116340 (N.D. Cal. 2014) ............................................................ 1

*Skillz Platform Inc. v. Aviagames Inc.*,
  2022 WL 1189882 (N.D. Cal. Apr. 21, 2022)............................................ 7

*Smartflash LLC v. Apple Inc.*,
  621 F. App'x 995 (Fed. Cir. 2015) ............................................................ 6

*Sonics, Inc. v. Arteris, Inc.*,
  2013 WL 503091 (S.D. Cal. Feb. 8, 2013)............................................... 13

*Synthego Corp. v. Agilent Techs., Inc.*,
  2022 WL 2704121 (N.D. Cal. July 12, 2022)....................................... 6, 10

*TAS Energy, Inc. v. San Diego Gas & Elec. Co.*,
  2014 WL 794215 (S. D. Cal. Feb. 26, 2014)............................................ 12

*Versata Software, Inc. v. Configit A/S*,
  2022 WL 3598158 (C.D. Cal. Apr. 27, 2022) ........................................... 8

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ................................................... *passim*

*VPR Brands LP v. Jupiter Research LLC*,
  2022 WL 2018483 .................................................................... *passim*

Case No. 2:21-cv-00438-DWL          iii          Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

1

**STATUTES**

2

35 U.S.C. § 252 .......................................................................................................... 9

3

35 U.S.C. § 314 .......................................................................................................... 1

4

35 U.S.C. § 315(2)(2) ................................................................................................ 8

5

35 U.S.C. § 315(b) ..................................................................................................... 3

6

35 U.S.C. § 318(b)-(c) ............................................................................................... 9

7

8

**RULES**

9

Fed. R. Civ. P. 1 ...................................................................................................... 10

10

**OTHER AUTHORITIES**

11

157 Cong. Rec. S136365 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer) ............. 14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:21-cv-00438-DWL          iv          Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

Plaintiff Swarm Technology, LLC alleges that Defendants Amazon.com, Inc., and Amazon Web Services, Inc. (collectively, "Amazon") infringe U.S. Patent Nos. 9,852,004 (the '004 patent), 10,592,275 (the '275 patent) and 9,146,777 (the '777 patent).  D.I. 102. As set forth below, Amazon moves to stay this case pending resolution of the numerous petitions for *inter partes* review instituted against these patents.  Doing so will conserve Court resources, as the United States Patent Trial and Appeal Board ("PTAB") has already determined that there is a reasonable likelihood that the claims of these patents are invalid. Moreover, Plaintiff has affirmatively moved to amend its claims, which if successful would render moot any district court action based on the current claim language.

## I.   INTRODUCTION

*Inter Partes* Review ("IPR") allows any party to petition the PTAB to "request cancellation of 1 or more claims of a patent on the grounds that the claim fails the novelty or obviousness standards for patentability."  *Oil States Energy Servs., LLC v. Greene Energy Group, LLC*, 138 S. Ct. 1365, 1371 (citations omitted).   The IPR system was designed to "limit unnecessary and counterproductive litigation costs and to create a timely, cost-effective alternative to litigation."  *PersonalWeb Techs., LLC v. Facebook, Inc.*, 2014 WL 116340, at *2 (N.D. Cal. 2014) (citations omitted).  Consistent with those goals, "courts generally 'apply a liberal policy in favor of granting motions to stay proceedings pending the outcome of PTO IPR proceedings.'"  *Parsons Xtreme Golf LLC v. Taylor Made Golf Co.*, 2018 WL 6242280, at  *3 (D. Ariz. Nov. 29, 2018) (quoting *Drink Tanks Corp. v. GrowlerWerks, Inc.*, 2016 WL 3844209, at *2 (D. Or. 2016)).

That liberal policy applies here, where the '275 and '004 patents have each had multiple IPRs instituted against them, reflecting the PTAB's considered judgment that "there is a reasonable likelihood that the petitioner w[ill] prevail" in cancelling claims of those patents.  35 U.S.C. § 314.  Amazon further intends to file an IPR petition against the '777 patent, which was not asserted until Plaintiff filed its amended complaint less than two weeks ago.  A stay is appropriate now because "the PTO has already granted most of

1  the petitions," *Parsons Xtreme*, 2018 WL 6242280 at *5, and some of these IPRs are quite

2  progressed.  Accordingly, each of the three pertinent factors weighs in favor of a stay.

3        **First**, this case is in its infancy.  Amazon has not yet answered the amended

4  complaint; discovery has not been exchanged, let alone completed; and no trial date is set.

5        **Second**, a stay will simplify the issues before this Court because IPRs are likely to

6  invalidate every claim of the '275 and '004 patents (and the '777 patent, once Amazon's

7  petition is filed), obviating the need to try any issues relating to them.  The IPR petitions

8  challenge *every* claim of the '275 and '004 patents, and the PTAB has already concluded

9  on four separate occasions that these challenges "demonstrate[] a reasonable likelihood of

10  success in proving" that the challenged claims are "unpatentable."  *See* Ex. A (Amazon

11  '004 Decision); Ex. B (Amazon '275 Decision); Ex. C (Juniper '004 Decision); Ex. D

12  (Juniper '275 Decision).  Even in the unlikely event that some claims survive IPR,

13  "[s]hould the PTAB cancel or narrow *any* of the asserted claims … the scope of this

14  litigation may be significantly simplified."  *Evolutionary Intelligence LLC v. Yelp Inc.*,

15  2013 WL 6672451, at *6 (N.D. Cal. 2013) (emphasis added).  Any surviving claims will

16  also be subject to IPR-related estoppel provisions, streamlining the remaining invalidity

17  issues before this court.

18        A stay will particularly simplify the issues here because Plaintiff itself has moved

19  the PTAB to substantively amend the claims of the '004 and '275 patents.  If those motions

20  are granted, the current claims of these patents will cease to exist and instead be wholly

21  replaced by new amended claims, requiring the parties to produce new and additional

22  discovery, contentions, and expert reports, and requiring the Court to conduct additional

23  hearings on claim construction and dispositive motions.  By contrast, a stay now will spare

24  the Court and parties the burden of conducting fulsome litigation on patent claims that, if

25  the PTAB grants Plaintiff's motions to amend (or Amazon's petitions) simply will not exist

26  by the time of trial.

27        **Third**, a stay will not unduly prejudice Plaintiff, as Amazon diligently drafted and

28  filed its '004 and '275 IPR petitions to minimize delay (and will do the same for the '777

1   patent).  By contrast, any IPR-related delay would be minimal compared to the delay of

2   Plaintiff's own making.  Plaintiff's complaint suggests that it believed for **more than five**

3   **years** before filing suit that Amazon infringed (D.I. 102 ¶¶ 94–96).  And Plaintiff has

4   chosen to move to amend its claims in IPR, potentially mooting any district court

5   proceedings regarding its current claims.  Plaintiff cannot now feign urgency.

6            Accordingly, Amazon respectfully requests that the Court stay this case pending

7   resolution of all IPR proceedings against the three asserted patents.

8   **II.      FACTUAL BACKGROUND**

9            Plaintiff filed its original complaint on March 15, 2021, alleging infringement of the

10  '004 and '275 patents.  D.I. 1.  Amazon filed an IPR petition challenging the validity of all

11  claims of the '004 patent on December 8, 2021 (*see* D.I. 72), and a second petition

12  challenging the validity of all claims of the '275 patent on February 25, 2022 (*see* D.I.

13  88)—both well within the one year statutory period in which IPRs must be filed.  35 U.S.C.

14  § 315(b).  On August 26, 2022, following the Court's grant of its motion for leave, Plaintiff

15  filed an amended complaint that also asserted the '777 patent against Amazon.  D.I. 102.

16           In the meantime, Plaintiff alleged infringement of the '004 and '275 patents, as well

17  as the '777 patent, by Juniper Networks.  *See Juniper Networks Inc. v. Swarm Technology*

18  *LLC*, No. 3:20-cv-03137-JD (N.D. Cal).  Accordingly, by November 4, 2021, Juniper filed

19  three separate IPR petitions challenging (1) every claim of the '004 patent; (2) claims 1-7

20  and 9-17 (i.e., all but claim 8)[1] of the '275 patent; and (3) every claim of the '777 patent.

21           Each of Amazon and Juniper's petitions contains hundreds of pages of factual and

22  legal analysis demonstrating that the challenged claims are invalid over the prior art, and

23  each petition is supported by extensive documentary evidence, including detailed

24  declarations from experts in the field of computer processor design.  Importantly, the

25

26

27  _____

[1] Dependent claim 8 of the '275 patent is narrowly limited to the system of challenged
claim 7, "wherein the first co-processor is an unmanned autonomous vehicle configured to
28  operate as at least one of a ground vehicle and an aerial vehicle in connection with defense
field operations."

PH 635497.1

1    arguments for invalidity in Amazon's petitions are *separate from and independent of* the

2    arguments for invalidity in Juniper's petitions.

3        Regarding the '004 patent, on March 2, 2022, the PTAB instituted Juniper's

4    petition, finding that Juniper had "established a reasonable likelihood of prevailing on its

5    assertion" that all claims "would have been obvious" over prior art references called Leong

6    and AppleTalkBook (among others), and therefore are invalid.  Ex. C at 18, 31.  In

7    response, Plaintiff filed a Motion to Amend with the PTAB that would "replace" its

8    currently existing claims with newly amended claims, adding numerous limitations.  Ex. E

9    at 9-11 (showing added claim language in underline).  On June 29, 2022, the PTAB

10   separately instituted Amazon's petition, finding that it "establishes a reasonable likelihood

11   that [Amazon] will prevail on its assertion that" all claims "would have been obvious" over

12   a different prior art reference, Lurie, and other prior art, and therefore are also invalid for

13   that independent reason.  Ex. A at 27-28.  Plaintiff has not yet filed a response.  The PTAB

14   will issue final written decisions on the '004 patent by March 2023 (for Juniper's petition)

15   and June 2023 (for Amazon's petition).

16       Regarding the '275 patent, on May 16, 2022, the PTAB instituted Juniper's petition,

17   finding that it "establishes there is a reasonable likelihood that . . . the subject matter of

18   claims 1-7 and 9-17 would have been obvious" over Leong and other prior art.  Ex. D at

19   41.  In response, Plaintiff again filed a motion to amend, adding substantive limitations to

20   its claims.  Ex. F at 8-9.  On September 6, 2022, the PTAB separately instituted Amazon's

21   petition, finding that it "establishes that there is a reasonable likelihood that Amazon would

22   prevail in its assertion" that all claims "would have been obvious" over Lurie and other

23   prior art.  Ex. B at 49, 41.  The PTAB will issue final written decisions on the '275 patent

24   by May 2023 (for Juniper's petition) and September 2023 (for Amazon's petition).

25       Regarding the related '777 patent, on February 1, 2022, the PTAB declined to

26   institute Juniper's petition.  Because the '777 patent was not asserted against Amazon until

27   August 26, 2022, Amazon has not yet filed a petition against the '777 patent.  Although

28

1  the statutory timeframe for filing that petition runs until August 2023, Amazon is preparing

2  its petition now, and intends to file it considerably sooner.

3      In total, the PTAB has already instituted IPR of every claim of the '004 patent (on

4  two entirely separate bases) and every claim of the '275 patent (also on two separate bases).

5  In accordance with statutory deadlines, the PTAB will start issuing final written decisions

6  on the invalidity of each of those claims in less than 6 months, with all decisions expected

7  within a year.

8  **III.   LEGAL STANDARD**

9      The decision to stay a case pending PTAB proceedings stems from "the power

10  inherent in every court to control the disposition of the causes on its docket with economy

11  of time and effort for itself, for counsel, and for litigants." *VPR Brands LP v. Jupiter*

12  *Research LLC*, 2022 WL 2018483, at *2 (quoting *Drink Tanks*, 2016 WL 3844209 at *2).

13  In reaching a decision, courts in this District consider three factors: "(1) whether discovery

14  is complete and whether a trial date has been set; (2) whether a stay will simplify the issues

15  in question and trial of the case; and (3) whether a stay would unduly prejudice or present

16  a clear tactical disadvantage to the non-moving party." *Id.*  The Court also may consider

17  the "potential for a stay to reduce the burden of litigation on the parties and the court."

18  *Murata Machinery USA v. Daifuku Co.*, 803 F.3d 1357, 1360-62 (Fed. Cir. 2016).  In

19  applying these factors, courts have applied "a liberal policy in favor of granting motions to

20  stay proceedings pending the outcome of USPTO … proceedings." *Medicis Pharm. Corp.*

21  *v. Upsher-Smith Labs., Inc.*, 486 F. Supp. 2d 990, 993-94 (D. Ariz. Feb. 5, 2007).

22  **IV.   ALL THREE TRADITIONAL FACTORS FAVOR A STAY**

23      The Court should stay this case pending resolution of the IPR petitions because all

24  three traditional factors weigh strongly in favor of a stay.  ***First***, this case is in its infancy.

25  Discovery has not been exchanged, let alone completed, and there is no trial date.  ***Second***,

26  a stay will simplify issues by definitely resolving Plaintiff's allegations for at least two

27  entire patents if the PTAB finds them unpatentable.  ***Third***, a stay will not prejudice

28

Case No. 2:21-cv-00438-DWL          5          Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

1    Plaintiff, who is not a competitor to Amazon, whose dilatory actions significantly
2    contributed to the need for a stay, and who chose to seek amendment of the patent claims.

### A.    Discovery Is Not Complete and No Trial Date Has Been Set

4         The first factor supports a stay where, as here, discovery is not complete and no trial
5    date has been set.  *VPR Brands*, 2022 WL 2018483 at *2-3.  This case is in its earliest
6    possible stage: discovery has not been exchanged, much less been completed.  Swarm
7    served interrogatories and document requests on May 25, 2021 (D.I. 27), but the Court
8    entered a stay one week later on June 1, 2021 (D.I. 31)—before Amazon served responses
9    or requests of its own.  The Court has not held a scheduling conference, and no trial date
10   has been set.  Accordingly, the fact that "this case is in its early stages and there has been
11   no material progress in this litigation" "strongly favor[s] granting a stay pending IPR."
12   *Synthego Corp. v. Agilent Techs., Inc.*, 2022 WL 2704121, at *2 (N.D. Cal. July 12, 2022).

13        Indeed, courts have found that this factor weighs in favor of a stay even in cases far
14   more advanced than this one.  *See, e.g. Parsons Extreme*, 2018 WL 6242280, at  *3 (factor
15   weighed in favor of a stay even where parties had begun taking fact and expert discovery,
16   "produced tens of thousands of documents," and begun claim construction briefing);
17   *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) (factor weighed in
18   favor of stay even where the district court had held hearing on claim construction,
19   dispositive motions, and *Daubert* challenges).

20        This factor weighs strongly in favor of a stay.

### B.    A Stay Will Simplify the Issues Before This Court

22        Under the second factor, the Court considers "whether a stay will simplify the issues
23   in question and trial of the case."  *Parsons*, 2018 WL 6242280, at *5 (citation omitted).

24        The PTAB has instituted review of two separate petitions on each of the '004 and
25   '275 patents, with an additional petition on the '777 patent likely to follow.  *Supra* at 3-5.
26   In such cases, where "'the PTAB has instituted review proceedings, the parallel district
27   court litigation ordinarily should be stayed.'"  *Parsons*, 2018 WL 6242280, at *5 (quoting
28   *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 106911, at *4 (E.D. Tex. 2015)); *see also*

Case No. 2:21-cv-00438-DWL          6          Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

1  *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 13-15-16 (Fed. Cir. 2014) ("no

2  doubt, the case for a stay is stronger after [IPR] has been instituted").

3      Here, simplification will be extensive because the PTAB has instituted review of

4  *every* claim of the '004 and '275 patents.  As a result, the requested stay will simplify the

5  issues before the Court because "the IPR proceedings could eliminate the need for trial if

6  the claims are cancelled or, if the claims survive, facilitate trial by providing the court with

7  expert opinion of the PTO and clarifying the scope of the claims."  *Parsons Xtreme*, 2018

8  WL 6242280, at *5 (quoting *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, 2015 WL

9  545534, at *3 (N.D. Cal. 2015)).

10      In the unlikely event that the PTAB invalidates less than all of the claims on which

11  it has instituted review, the issues remaining before the Court will nonetheless be

12  simplified.  Indeed, "[s]hould the PTAB cancel or narrow ***any*** of the asserted claims of the

13  Asserted Patents, the scope of this litigation may be significantly simplified." *Id.* at *5

14  (emphasis original) (quoting *Evolutionary Intelligence*, 2014 WL 6672451, at *6); *see also,*

15  *e.g., OKYN Holdings, Inc. v. Hori U.S.A., Inc.*, 2022 WL 2189597 (C.D. Cal. Apr. 28,

16  2022) ("If even one of the asserted patent claims is canceled or substantively amended, that

17  would narrow the issues").  Any invalidated claims would no longer be the subject of

18  discovery, claim construction disputes, expert reports, summary judgment motions, or trial

19  on infringement or invalidity.  *See IOEngine, LLC v. PayPal Holdings, Inc.*, 2019 WL

20  3943058, at *9 (D. Del. Aug. 21, 2019) (Bryson, J., sitting by designation) (noting that "the

21  task … for the parties, the jury, and the Court will become significantly easier than it would

22  have been" with additional claims).

23      Even if the PTAB does not cancel *any* claims on which it has instituted review, a

24  stay will nonetheless simplify the issues before this Court.  *Skillz Platform Inc. v.*

25  *Aviagames Inc.,* 2022 WL 1189882, at *3 (N.D. Cal. Apr. 21, 2022) ("If IPR is instituted

26  … simplification is likely to occur regardless of whether any claims are invalidated").

27  Even in that extreme case, the Court's invalidity analysis will be streamlined by statutory

28  estoppel provisions, which preclude Amazon from asserting that any patent claim on which

Case No. 2:21-cv-00438-DWL          7          Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

1    the PTAB institutes Amazon's petition "is invalid on any ground that the petitioner raised

2    or reasonably could have raised" during the IPR proceeding.  35 U.S.C. § 315(2)(2);

3    *Parsons Xtreme*, 2018 WL 6242280, at *5 (finding that case will be simplified "one way

4    or another" due to statutory estoppel provisions).  Moreover, the IPR proceedings will

5    generate additional prosecution history, which can assist the Court in its analysis by

6    providing it with intrinsic evidence relevant to future issues of claim construction,

7    infringement, and validity.  *Core Optical Techs., LLC v. Fujitsu Network Commc'ns, Inc.*,

8    2016 WL 7507760, at *2 (C.D. Cal. Sept. 12, 2016) ("Even if no patent claim is eliminated,

9    the intrinsic record developed during the IPR may inform on issues like claim

10   construction").

11          The fact that the related '777 patent is not currently subject to an instituted IPR

12   petition does not undermine the significant simplification that would result from a stay.  As

13   noted above, Amazon intends to promptly file an IPR on the '777 patent.  But even if that

14   were not the case, two of the three patents in this case are already subject to instituted IPR

15   proceedings.  "[D]istrict courts frequently issue stays" in such cases, because "'the policies

16   favoring simplification and the reduction of litigation burdens'" remain applicable "[e]ven

17   when IPR proceedings are instituted on fewer than all the claims at issue."  *Versata*

18   *Software, Inc. v. Configit A/S*, 2022 WL 3598158, at *3 (C.D. Cal. Apr. 27, 2022) (citation

19   omitted).  This is particularly true when all of the asserted patents are "similar," and are

20   directed to the same technology and the same accused products, as is the case here.  *Id.*

21          This Court's decision in *Parsons Xtreme* is instructive.  In that case, the PTAB

22   "ha[d] granted petitions for IPR on nine of eleven of the patents challenged in this suit,"

23   with petitions on the remaining two patents pending.  2018 WL 624480, at *5.  The Court

24   stayed the case, finding that the possibility of invalidating numerous (even if not all)

25   asserted patents was likely to simply the issues because "the PTO has already granted most

26   of the petitions."  *Id.*  So too, here.  A stay is justified due to the substantial simplification

27   that the instituted IPRs will bring with respect to at least the '004 and '275 patents, even if

28   the related '777 patent ultimately may be unaffected.  *Id; see also Garmin Switzerland*

Case No. 2:21-cv-00438-DWL            8          Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

1   *GmbH v. FLIR Systems, Inc.*, 2017 WL 6453346 (D. Or. Dec. 18, 2017) (granting stay

2   where IPR instituted on 1 of 2 patents); *HD Silicon Solutions LLC v. Microchip Technology*

3   *Inc.*, 2022 WL 3084315, at *3 (N.D. Cal. Aug. 3, 2022) (granting stay where IPR instituted

4   on 5 of 7 patents, in particular due to "overlapping discovery" between patents); *DNA*

5   *Genotek Inc. v. Spectrum Solutions L.L.C.*, 2016 WL 9047159, at *5 (S.D. Cal. Oct. 7,

6   2016) (granting stay where IPR instituted on "less than half of the claims" asserted).

7        Moreover, a stay will simplify the issues in this case because it will prevent the

8   Court from expending resources that ultimately may be wasted in light of Plaintiff's motion

9   to amend its patent claims.  As described above, Plaintiff has filed motions at the PTAB to

10  amend claims of both the '004 and '275 patents.  Those motions would add new limitations,

11  such as "pars[ing] an aggregate computing requirement," and "increas[ing] the total

12  number of co-processors" that are not otherwise recited in any claim of any asserted patent.

13  *See* Ex. E at 11; Ex. F at 9.  If Plaintiff's motions are granted, the Patent Office will issue

14  a certificate (following any appeal) that "incorporate[s]" the amended claims into the

15  patents, wholly replacing the original claims. 35 U.S.C. § 318(b)-(c).  Until that certificate

16  issues, however, the original claims remain operative.  *See Bettcher Indus. v. Bunzl USA,*

17  *Inc.*,   661 F.3d 629, 644-45 (Fed. Cir. 2011); 35 U.S.C. § 252 ("The surrender of the

18  original patent shall take effect upon the issue of the [certificate]").

19        As such, in the absence of a stay, the Court and the parties would proceed with fact

20  and expert discovery, infringement and invalidity contentions, claim construction briefing

21  and hearings, summary judgment, and potentially trial on the current version of the claims.

22  Then, Plaintiff's own motions (if granted by the PTAB) would negate all of that work,

23  replacing the existing claims with new claims, and requiring *new* discovery, contentions,

24  claim construction, dispositive motions, and/or trial, this time directed to the amended

25  version of the claims.  Granting the requested stay, by contrast, will simplify the issues

26  before the Court by ensuring that the parties need to litigate the issues of infringement and

27  invalidity only once (or not at all, if the IPR petitions succeed).  *VirtualAgility Inc. v.*

28  *Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (holding that plaintiff's motion

Case No. 2:21-cv-00438-DWL                    9            Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

1   to amend "weigh[s] further in favor of granting the stay so as to avoid unnecessary

2   [litigation] of what could potentially be a moving target in terms of claim language");

3   *OKYN*, 2022 WL 2189597, at *1 (holding that simplification will occur "[i]f even one of

4   the asserted patent claim is canceled *or substantively amended*" (emphasis added)).  The

5   requested stay will therefore "avoid[] costly, duplicative litigation," consistent with

6   Congress's intent to provide "decisions on a relatively expedited and cost-efficient basis"

7   via IPR, as well as the aim of the Federal Rules of Civil Procedure to promote the "'just,

8   speedy, and inexpensive determination of every action.'"  *Parsons Xtreme*, 2018 WL

9   6242280, at *5 (quoting Fed. R. Civ. P. 1.).

10  This factor weighs strongly in favor of a stay.

11  **C.   A Stay Will Not Unduly Prejudice Plaintiff or Allow Amazon to Gain a**

12  **Clear Tactical Advantage**

13  The third factor also weighs in favor of a stay, as Amazon's diligently requested and

14  limited stay will neither unduly prejudice Plaintiff nor provide a clear tactical advantage to

15  Amazon.  Because every stay has the potential to delay litigation, "mere delay in the

16  litigation does not establish undue prejudice."  *DivX, LLC v. Netflix, Inc.*, 2022 WL

17  1208167, at *6 (C.D. Cal. Mar. 29, 2022).  Instead, "courts have repeatedly found no undue

18  prejudice unless the patentee makes a specific showing of prejudice beyond the delay

19  necessarily inherent in any stay."  *Synthego Corp. v. Agilent Techs.,  Inc.*, 2022 WL

20  2704121, at *4 (N.D. Cal. July 12, 2022).  As a result, this factor weighs against a stay only

21  where there is "evidence of dilatory motives or tactics, such as … seeking reexamination

22  on the eve of trial or after protracted discovery"—neither of which is the case here.  *VPR*

23  *Brands*, 2022 WL 2018483, at *3 (quoting *GoPro, Inc. v. C&A Marketing, Inc.*, 2017 WL

24  2591268, at *4 (N.D. Cal. June 15, 2017)).

25  Courts analyze whether undue prejudice exists using four sub-factors: "(1) the

26  timing of the IPR request; (2) the timing of the request for stay; (3) the status of [IPR]

27  proceedings; and (4) the relationship of the parties."  *Id.* (citation omitted).  Each sub-factor

28  weighs in favor of a stay here.

Case No. 2:21-cv-00438-DWL        10        Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

1    ***First***, the timing of Amazon's IPR requests favors a stay because its IPR petitions

2    against the '004 and '275 patents were filed well within the one-year period provided by

3    statute, and Juniper's petitions were filed even earlier.  Because "it was Congress that

4    concluded that parties could wait up to one year before petitioning for IPR," courts "will

5    not hold the prejudice factor against" defendants who filed within a year, as both Amazon

6    and Juniper did here.[2]  *VPR Brands*, 2022 WL 2018483, at *4.

7    This sub-factor further weighs in favor of a stay because Amazon's IPR petitions

8    have been filed for months, and Plaintiff has yet to serve any infringement contentions.  By

9    contrast, courts have found that even "waiting until after receiving infringement

10   contentions to analyze the claims alleged, and then filing petitions for review, does not

11   cause undue prejudice."  *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, 2014 WL

12   5021100, at *4 (N.D. Cal. 2014); *Parsons Xtreme*, 2018 WL 6242280, at *5 (Petitions filed

13   "months after" infringement contentions "did not constitute a lack of diligence on

14   [defendant]'s part").

15   Moreover, Plaintiff's own delay in filing this lawsuit undermines any claims of

16   undue prejudice based on timing.  Plaintiff's complaint suggests that it believed at least as

17   early as 2015 that Amazon infringed.  D.I. 102 ¶¶ 94-96.  Yet Plaintiff waited ***more than***

18   ***five years***, until March 15, 2021, to file this lawsuit.  D.I. 1.  On that record, Plaintiff cannot

19   credibly claim that the statutorily proscribed period in which Amazon diligently prepared

20   its IPR petitions constitutes undue delay.  *See Celorio v. On Demand Books LLC*, 2013 WL

21   4506411, at *1 n.1 (D. Del. Aug. 21, 2013) (finding no undue prejudice from a stay where

22   plaintiff learned of alleged infringement but "waited five years before filing" lawsuit).

23   ***Second***, the timing of Amazon's request for a stay separately weighs in favor of a

24   stay.  This motion comes approximately two months after the PTAB's decision to institute

25   Amazon's IPR petition on the '004 patent, and within a day of the PTAB's decision to

26

27   [2] Because the one-year period runs from the day in which "the petitioner . . . is served with
     a complaint alleging infringement of the patent," Amazon's statutory time to file an IPR

28   against the '777 did not begin until service of Plaintiff's amended complaint, and will run
     until August 26, 2023.

PH 635497.1

1  institute Amazon's IPR petition on the '275 patent.  This diligence weighs in favor of a

2  stay.  *Parsons Xtreme*, 2018 WL 6242280, at *5 (granting stay where request came "less

3  than two months after the PTO's decision to institute IPR proceedings").

4        Amazon's request could hardly have been more prompt, coming less than two weeks

5  after Plaintiff filed its amended complaint on August 26, 2022.  Amazon had no reason to

6  file this motion earlier, as the case was already stayed, the operative complaint dismissed,

7  and the asserted patents held invalid.  D.I. 67 (order staying case); 64 (order dismissing

8  original complaint).  The filing of this stay request "almost immediately after" it became

9  procedurally viable to do so does not evidence undue delay or clear tactical advantage.

10  *VirtualAgility*, 759 F.3d at 1319-20.

11        **Third**, the status of the review proceedings weighs in favor of a stay because the

12  PTAB has already instituted IPR on every claim of both the '004 and '275 patents (on two

13  separate bases).  In such cases, "[c]ourts are more likely to grant a stay."  *Parsons Xtreme*,

14  2018 WL 6242280, at *6 (status of the IPR sub-factor supported a stay where "[n]ine of

15  eleven patents, and sixty-nine of ninety-three claims, are currently in IPR proceedings").

16        **Lastly**, the relationship between the parties weighs in favor of a stay because

17  Amazon and Plaintiff are not competitors.  "The fact that the parties are not competitors

18  weighs in favor of a stay as any harm from a stay can be addressed through damages."

19  *DivX*, 2022 WL 1208167 at *6 (quoting *TAS Energy, Inc. v. San Diego Gas & Elec. Co.*,

20  2014 WL 794215, at *5 (S. D. Cal. Feb. 26, 2014).  Plaintiff's complaint does not allege

21  that it competes with Amazon, nor does it identify any product or service offered by

22  Plaintiff that could compete with Amazon.  *See generally* D.I. 102 ¶¶ 74-88.  To the

23  contrary, as noted in the complaint, Amazon is a leader in the cloud computing industry

24  (*id.* ¶ 7), while Plaintiff's only discussion of its own business model is its attempts to

25  license its patents (*id.* ¶¶ 91-99).  Plaintiff confirmed these facts in a deposition in the

26  related PTAB proceedings, admitting that that it has no employees, has never sold any

27  products, and has never made any revenue.  Ex. G (Iniguez Deposition) at 77:18-22, 78:13-

28  21.  Accordingly, this sub-factor weighs in favor of a stay.  *Netflix, Inc. v. CA, Inc.*, 2022

Case No. 2:21-cv-00438-DWL          12          Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

1   WL 1144631, at *2 (N.D. Cal. Mar. 30, 2022) (granting stay where parties "are not

2   competitors" and plaintiff "ha[s] no practicing products").  Even if Plaintiff did compete

3   with Amazon, any prejudice resulting from a stay would not be undue.  *See Sonics, Inc. v.*

4   *Arteris, Inc.*, 2013 WL 503091, at *4 (S.D. Cal. Feb. 8, 2013) (finding no undue prejudice

5   even where parties were "close competitor[s]").  That is especially true here, where

6   Plaintiff's own dilatory actions, including allegedly waiting more than five years to file

7   suit, and filing motions to amend the patent claims that may moot any district court action,

8   undermine any feigned urgency.  *See VirtualAgility*, 759 F.3d at 1319 (no undue prejudice

9   where Plaintiff was responsible for delay of "nearly a year").

10       Based on each of the four sub-factors, Plaintiff will not be unduly prejudiced by the

11   requested stay, nor would the stay offer Amazon a clear tactical advantage.  Any delay that

12   occurs as the result of a stay would not be undue, as Amazon and Juniper filed IPR petitions

13   within months of Plaintiff's complaint here, and Amazon sought a stay as soon as

14   practicable.  Moreover, Plaintiff cannot be heard to insist on urgency given its own dilatory

15   actions and attempt to moot the current claims through amendment at the PTAB.  Overall,

16   this factor weighs strongly in favor of a stay.

17                                    *     *     *

18       Because each of the three traditional factors favors a stay, the Court should stay this

19   action pending resolution of all IPR proceedings on the three asserted patents.

20   **V.    DISCRETIONARY FACTORS FAVOR A STAY**

21       In addition to the three traditional factors, courts "often take into account" an

22   additional, discretionary factor: "whether a stay will reduce the burden of litigation on the

23   parties and the court."  *NFC Tech. LLC v. HTM Am., Inc.*, 2015 WL 1069111, at *5 (E.D.

24   Tex. 2015); *Murata Machinery v. USA Daifuku Co., Ltd.*, 830 F.3d 1357, 1362 (Fed. Cir.

25   2016) (confirming that courts have the discretion to consider "the burden litigation places

26   on the court" when applying "the three-factor stay test").  While there is "a great deal of

27   overlap" between the simplification of issues factor and the reduction of burden,

28   *VirtualAgility*, 759 F.3d at 1314 n.4, the legislative history of the America Invents Act

1  makes clear that the reduction of burden test is further intended to "place[] a very heavy

2  thumb on the scale in favor of a stay being granted."  157 Cong. Rec. S136365 (daily ed.

3  Mar. 8, 2011) (statement of Sen. Schumer) ("too many district courts have been content to

4  allow litigation to grind on while a [IPR] is being conducted, forcing the parties to fight in

5  two fora at the same time. This is unacceptable.").

6        For the same reasons discussed with respect to simplification, *supra* at 8-12,

7  granting the requested stay will also reduce the burden of litigation on the Court and the

8  parties. *See VirtualAgility*, 759 F.3d at 1314 n.4 ("simplifying the issues would as a general

9  matter always reduce the burdens of litigation on the parties and the court").  The PTAB

10 has already found that Amazon and Juniper's IPR petitions demonstrate a "reasonable

11 likelihood" that claims of the '004 and '275 patents are invalid.  The PTAB's invalidation

12 of claims will conserve judicial and party resources because there will be no need for

13 discovery motions, claim construction briefing, dispositive motions, or trial with respect to

14 the infringement or invalidity of such claims.  For any claims that survive an instituted IPR,

15 the Court's burden in resolving validity issues will be significantly lessened by statutory

16 estoppel, and by virtue of having the PTAB's analysis before the Court when deciding any

17 invalidity or claim construction issues.  *See VPR Brands*, 2022 WL 2018483, at *3 (IPR

18 will "facilitate trial by providing the court with expert opinion of the PTO and clarifying

19 the scope of the claims" even "if claims survive" (quotation omitted)).

20       Plaintiff's attempts to amend its patent claims before the PTAB highlight the extent

21 to which a stay will reduce the burden of litigation on this Court.  At Plaintiff's own request,

22 if its motion succeeds, it will surrender its existing patent claims at the conclusion of the

23 IPR proceedings, and a certificate will issue with new, replacement, claims.  The central

24 issues in this case—claim construction, infringement, and invalidity—will then need to be

25 re-adjudicated, including any necessary discovery, expert reports, briefing, hearings, and

26 even trial, to account for the new versions of Plaintiff's claims.  Denying a stay would force

27 the Court, and the parties, to pointlessly expend resources litigating each of those issues

28 now, only to disregard that work and re-litigate each issues again if Plaintiff's motion

1    succeeds.  A stay, by contrast, avoids burdening the Court with duplicative litigation on

2    claims that Amazon (and Juniper) have sought to invalidate and Plaintiff has sought to

3    amend.

4         Accordingly, the reduction of burden factor also weighs strongly in favor of a stay.

5    **VI.    CONCLUSION**

6         Because each of the traditional stay factors, as well as the discretionary reduction of

7    burden of factor, strongly support a stay, Amazon respectfully requests that the Court grant

8    a stay of this action pending the resolution of all IPR proceedings, and grant any other relief

9    the Court deems just.

10        DATED:  September 6, 2022

11                                    SPENCER FANE LLP

12

13                                    By */s/ Andrew Federhar*
                                         Andrew M. Federhar
14                                       Jessica A. Gale

15                                       *Attorneys for Defendants Amazon.com, Inc.*
                                         *and Amazon Web Services, Inc.*
16

17                                    LATHAM & WATKINS LLP

18

19
                                      By */s/ Adam Greenfield (with permission)*
20                                       Maximilian A. Grant
                                         Adam M. Greenfield
21                                       Gabriel K. Bell
                                         David A. Zucker
22                                       Kimberly Q. Li

23
                                         *Attorneys for Defendants Amazon.com, Inc.*
24                                       *and Amazon Web Services, Inc.*

25

26

27

28

Case No. 2:21-cv-00438-DWL          15          Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on September 6, 2022, a copy of the foregoing was filed

3   electronically using the Clerk of Court's CM/ECF system, which will provide notice to

4   all counsel of record.

5
                    Leo R. Beus
                  Michael K. Kelly
6                  Christine N. Jones
                  Timothy J. Casey
7           BEUS GILBERT McGRODER PLLC
                 701 North 44th Street
8               Phoenix, AZ 85008-6504
9               Attorneys for Plaintiff
                  lbeus@beusgilbert.com
10               mkelly@beusgilbert.com
                 cjones@beusgilbert.com
11               tcasey@beusgilbert.com

12

13      *Attorneys for Plaintiff Swarm Technology, LLC*

14

15                       */s/ Andrew M. Federhar*

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:21-cv-00438-DWL          16          Amazon Defs.' Mot. Stay Pending IPR

PH 635497.1