Andrew M. Federhar  (No. 006567)
Jessica A. Gale (No. 030583)
SPENCER FANE LLP
2415 E. Camelback Road, Suite 600
Phoenix, Arizona  85016
T: +1.602.333.5430; F: +1.602.333.5431
afederhar@spencerfane.com
jgale@spencerfane.com

Adam M. Greenfield (*pro hac vice*)
Maximilian A. Grant (*pro hac vice*)
Gabriel K. Bell (*pro hac vice*)
David A. Zucker (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
T: +1.202.637.2200; F: +1.202.637.2201
adam.greenfield@lw.com
max.grant@lw.com
gabriel.bell@lw.com
david.zucker@lw.com

Kimberly Q. Li (*pro hac vice*)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
T: +1.617.948.6000; F: +1.617.948.6001
kimberly.li@lw.com

*Attorneys for Defendants Amazon.com, Inc.
and Amazon Web Services, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Swarm Technology, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>Amazon.com, Inc., and Amazon Web Services, Inc.,<br><br>            Defendants. | Case No. 2:21-cv-00438-PHX-DWL<br><br>**AMAZON DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Amazon.com, Inc. and Amazon Web Services, Inc. (collectively "Amazon"), by and through their undersigned counsel, hereby submit this Answer and Counterclaims to the First Amended Complaint for Patent Infringement filed by Plaintiff Swarm Technology, LLC ("Swarm") on August 26, 2022 ("FAC") regarding U.S. Patent Nos. 9,146,777; 9,852,004; and 10,592,275 (the '777, '004, and '275 patents, respectively, and the Patents-in-Suit, collectively) as follows.

To the extent not explicitly admitted herein, all allegations in the FAC are denied, including any allegations contained or implied in each paragraph or heading.

1.      Paragraph 1 states a legal conclusion to which no response is required.  To the extent any response is required, Amazon admits that the FAC purports to bring a patent infringement action under Title 35 of the United States Code against Amazon, but Amazon denies any infringement.  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 1, and on that basis, denies them.

## **INTRODUCTION**

2.      Amazon admits that Alfonso Íñiguez is the named inventor of the Patents-in-Suit, but Amazon denies that any of the Patents-in-Suit claim a revolutionary new computer processing architecture.  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 2, and on that basis, denies them.

3.      Amazon admits that before Mr. Íñiguez's alleged invention, at least some conventional computer systems included a central processing unit ("CPU") and one or more co-processors.  Amazon further admits that in some conventional computer systems, a controller could distribute tasks to a plurality of co-processors.  Amazon denies the remaining allegations of Paragraph 3.

4.      Amazon admits that the Patents-in-Suit purport to claim the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components—and therefore are invalid.   Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of paragraph 4, and on that basis, denies them.

5.      Amazon admits that FAC Exhibit A purports to be the '004 patent and that the '004 patent issued on December 26, 2017; lists Mr. Iniguez as the named inventor; and is titled "System and Method for Parallel Processing Using Dynamically Configurable Proactive Co-Processing Cells."   Amazon admits that FAC Exhibit B purports to be the '275 patent and that the '275 patent issued on March 17, 2020; lists Mr. Iniguez as the named inventor; and is titled "System and Method for Swarm Collaborative Intelligence Using Dynamically Configurable Proactive Autonomous Agents."   Amazon admits that FAC Exhibit A2 purports to be the '777 patent and that the '777 patent issued on September 29, 2015; lists Mr. Íñiguez as the named inventor; and is titled "Parallel Processing With Solidarity Cells By Proactively Retrieving From a Task Pool a Matching Task for the Solidarity Cell to Process."   Amazon denies the remaining allegations of Paragraph 5.

6.      Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 6, and on that basis, denies them.

7.      Amazon admits that Amazon Web Services, Inc. is a leader in the cloud computing industry.   Amazon denies the remaining allegations of Paragraph 7.

8.      Denied.

**THE PARTIES**

9.      Amazon lacks knowledge or information sufficient to evaluate the truth of

1   the allegations of Paragraph 9, and on that basis, denies them.

2       10.     Amazon admits that the Patents-in-Suit list Mr. Íñiguez as the named

3   inventor.  Amazon lacks knowledge or information sufficient to evaluate the truth of the

4

5   remaining allegations of Paragraph 10, and on that basis, denies them.

6       11.     Amazon lacks knowledge or information sufficient to evaluate the truth of

7   the allegations of Paragraph 11, and on that basis, denies them.

8
        12.     Amazon lacks knowledge or information sufficient to evaluate the truth of
9

10  the allegations of Paragraph 12, and on that basis, denies them.

11      13.     Amazon admits that Amazon.com, Inc. is a Delaware corporation with a

12  principal place of business at 410 Terry Ave. North, Seattle, WA 98109-5210.

13
        14.     Amazon admits that Amazon Web Services, Inc. is a Delaware corporation
14

15  with a principal place of business at 410 Terry Ave. North, Seattle, WA 98109-5210.

16              **<u>SUBJECT MATTER JURISDICTION</u>**

17      15.     Paragraph 15 states a legal conclusion to which no response is required.  To

18  the extent any response is required, Amazon admits that the FAC purports to bring an action
19

20  for alleged patent infringement.   Amazon denies any infringement, and denies the

21  remaining allegations of Paragraph 15.

22      16.     Paragraph 16 states a legal conclusion to which no response is required.  To

23  the extent any response is required, and solely for purposes of this action, Amazon does
24

25  not contest that this Court has subject matter jurisdiction over this action.

26              **<u>PERSONAL JURISDICTION</u>**

27      17.     Paragraph 17 states a legal conclusion to which no response is required.  To

28  the extent any response is required, Paragraph 17 appears to accurately quote some but not

all of 35 U.S.C. § 271.  Amazon denies any infringement, and denies the remaining allegations of Paragraph 17.

18.    Denied.

19.    Amazon denies infringement and therefore denies the allegations of Paragraph 19.

20.    Denied.

21.    Amazon admits that https://aws.amazon.com is a website for Amazon Web Services, Inc.  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 21 (including as to what Swarm considers to be "an extensive web-based ecosystem"), and on that basis, denies them.

22.    Denied.

23.    Amazon admits that a 2020 Annual Report for Amazon Web Services, Inc. was filed with the Arizona Corporate Commission on May 28, 2020.  Amazon admits that FAC Exhibit C purports to be a 2020 Annual Report record available for download on the Arizona Corporation Commission website and that this record states:  "ENTITY NAME: AMAZON WEB SERVICES, INC."; "AUTHORIZED SHARES: Share Class: COMMON Share Series: Share Total: 1000000"; and "ISSUED SHARES: Share Class: COMMON Share Series: Share Total: 1."  The number of authorized shares has since been corrected.  Amazon denies the remaining allegations of Paragraph 23, including because Amazon lacks knowledge or information sufficient to evaluate the truth of how FAC Exhibit C was "retrieved."

24.    Amazon admits that Paragraph 24 appears to accurately quote some but not

all of FAC Exhibit D, which appears to be a website printout stating "FOR THE EXCLUSIVE USE OF NLEAHY@BEUSGILBERT.COM."  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 24, and on that basis, denies them.

25.     Amazon denies infringement and therefore denies the allegations of Paragraph 25.

26.     Amazon admits that some Arizona residents are employed by Amazon Web Services, Inc.  Amazon admits that Amazon Web Services, Inc. has recruited Arizona employees for a variety of positions, which may include software engineering, product development, project management, and sales and support teams.  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 26, and on that basis, denies them.

27.     Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 27, and on that basis, denies them.

28.     Amazon admits for purposes of this action only that Amazon Web Services, Inc. maintains a physical place of business with an ongoing and continuous presence in the District of Arizona.  Amazon denies the remaining allegations of Paragraph 28.

29.     Amazon admits for purposes of this action only that Amazon Web Services, Inc. regularly conducts business—including accepting some orders, making some business decisions, and soliciting some customers—in the District of Arizona.  Amazon denies the remaining allegations of Paragraph 29.

30.     To the extent Paragraph 30 states a legal conclusion, no response is required.

To the extent any response is required, Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 30, and on that basis, denies them.

31.     Paragraph 31 states a legal conclusion to which no response is required.  To the extent any response is required, Amazon admits that Amazon Web Services, Inc. has conducted and continues to conduct business in the District of Arizona.  Amazon denies the remaining allegations of Paragraph 31.

32.     Paragraph 32 states a legal conclusion to which no response is required.

33.     Paragraph 33 states a legal conclusion to which no response is required.

34.     Paragraph 34 states a legal conclusion to which no response is required.  To the extent any response is required, Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 34, and on that basis, denies them.

## **VENUE**

35.     Paragraph 35 states a legal conclusion to which no response is required.  To the extent any response is required, Paragraph 35 appears to accurately quote some but not all of 28 U.S.C. § 1400(b).

36.     Paragraph 36 states a legal conclusion to which no response is required.  To the extent any response is required, Amazon denies any infringement.  Solely for purposes of this action, Amazon does not contest that venue in this District is proper for the FAC.

37.     Paragraph 37 states a legal conclusion to which no response is required.  To the extent any response is required and solely for purposes of this action, Amazon does not contest that venue in this District is proper for the FAC.

1    38.    Denied.

2    39.    Amazon admits that Paragraph 39 appears to accurately quote some but not

3
4    all of FAC Exhibit F.  Amazon lacks knowledge or information sufficient to evaluate the

5    truth of the remaining allegations of Paragraph 39, and on that basis, denies them.

6    40.    Amazon denies that Paragraph 40 accurately quotes FAC Exhibit G.

7    Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining

8
9    allegations of Paragraph 40, and on that basis, denies them.

10    41.    Amazon admits that Paragraph 41 appears to accurately quote some but not

11    all of FAC Exhibit H.  Amazon lacks knowledge or information sufficient to evaluate the

12    truth of the remaining allegations of Paragraph 41, and on that basis, denies them.

13
14    42.    Amazon lacks knowledge or information sufficient to evaluate the truth of

15    the allegations of Paragraph 42, and on that basis, denies them.

16    43.    Amazon Web Services, Inc. admits collaborating with Arizona State

17    University with respect to the Smart City Cloud Innovation Center, which has a location in

18
19    Scottsdale, Arizona.  Amazon lacks knowledge or information sufficient to evaluate the

20    truth of the allegations of Paragraph 43, and on that basis, denies them.

21    44.    Amazon lacks knowledge or information sufficient to evaluate the truth of

22    the allegations of Paragraph 44, and on that basis, denies them.

23
24    45.    Amazon admits that FAC Exhibit M purports to be an undated, written slide

25    presentation titled "Working Backwards from the Customer."  Amazon lacks knowledge

26    or information sufficient to evaluate the truth of the remaining allegations of Paragraph 45,

27    and on that basis, denies them.

28

46.     Denied.

47.     Denied.

48.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 48, and on that basis, denies them.

49.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 49, and on that basis, denies them.

50.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 50, and on that basis, denies them.

## THE RELATIONSHIP BETWEEN AMAZON AND AWS

51.     Amazon admits that Amazon Web Services, Inc. is a wholly owned indirect subsidiary of Amazon.com, Inc.  Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 51, and on that basis, denies them.

52.     To the extent Paragraph 52 states a legal conclusion, no response is required. To the extent any response is required, Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 52 and on that basis, denies them.

53.     Amazon admits that certain individuals have held officer or director positions at both Amazon.com, Inc. and Amazon Web Services, Inc.  Amazon admits that Andrew Jassy and Peter DeSantis have held an officer or director position at both Amazon.com, Inc. and Amazon Web Services, Inc.  Amazon denies the remaining allegations of Paragraph 53.

54.     To the extent Paragraph 54 states a legal conclusion, no response is required. Amazon admits that a so-called "S-team" includes executives of both Amazon.com, Inc.

and Amazon Web Services, Inc.  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 54 (including as to what the FAC means by "day-to-day operations" being "coordinated and controlled"), and on that basis, denies them.

55.     To the extent Paragraph 55 states a legal conclusion, no response is required. Amazon admits that stock in Amazon.com, Inc. is traded on the NASDAQ exchange under the symbol AMZN.  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 55 (including as to what the FAC means by "for and on behalf of itself and its subsidiaries"), and on that basis, denies them.

56.     To the extent Paragraph 56 states a legal conclusion, no response is required. Amazon admits that stock in Amazon.com, Inc. is traded on the NASDAQ exchange under the symbol AMZN.  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 56 (including as to what the FAC means by "neither Amazon nor AWS are separately traded … under any other symbol"), and on that basis, denies them.

57.     Amazon admits that Paragraph 57 accurately quotes some but not all of Amazon.com, Inc.'s Notice of 2020 Annual Meeting of Shareholders & Proxy Statement, which appears to be FAC Exhibit N, dated May 27, 2020.  Amazon denies any remaining allegations of Paragraph 57.

58.     Amazon admits that Amazon.com, Inc.'s Notice of 2020 Annual Meeting of Shareholders & Proxy Statement states that SMBs "[u]se AWS to run their businesses" and that "AWS offers low cost, on-demand IT solutions to help startups build and launch their

applications and services."  Amazon denies any remaining allegations of Paragraph 58.

59.    Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 59 (including as to what the FAC means by "[r]ather than promoting AWS as a separate company"), and on that basis, denies them.

60.    Amazon admits that Amazon.com, Inc. filed a Form 10-K (Annual Report) with the United States Securities and Exchange Commission for the fiscal year ended December 31, 2020.  Amazon denies that this filing is FAC Exhibit O.  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 60 (including as to what the FAC means by "on behalf of both Amazon and AWS"), and on that basis, denies them.

61.    Amazon admits that page 3 of Amazon.com, Inc.'s Form 10-K for the fiscal year ended December 31, 2020, states in part:  "We have organized our operations into three segments: North America, International, and Amazon Web Services ('AWS')."  Amazon further admits that Amazon.com, Inc.'s Form 10-K for the fiscal year ended December 31, 2020, states in part:  "We serve developers and enterprises of all sizes, including start-ups, government agencies, and academic institutions, through AWS, which offers a broad set of on-demand technology services, including compute, storage, database, analytics, and machine learning, and other services."  Amazon denies the remaining allegations of Paragraph 61 (including because FAC Exhibit O is not Amazon.com, Inc.'s Form 10-K for the fiscal year ended December 31, 2020).

62.    Amazon admits that Amazon.com, Inc.'s Form 10-K for the fiscal year ended December 31, 2020, provides certain financial data.  Amazon lacks knowledge or

information sufficient to evaluate the truth of the remaining allegations of Paragraph 62 (including as to what the FAC means by "selected consolidated financial data"), and on that basis, denies them.

63.     Amazon admits that the United States Patent and Trademark Office has issued federal word and design trademark registrations for AMAZON, AMAZON.COM, AMAZON WEB SERVICES, INC. and AWS.  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 63 (including as to what the FAC means by "a large number"), and on that basis, denies them.

64.     Amazon admits that the United States Patent and Trademark Office has issued trademark registrations relating to Amazon-related goods and services.  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 64 (including as to what the FAC means by "many of the aforementioned trademarks"), and on that basis, denies them.

65.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 65 (including as to what the FAC means by "all of the foregoing registrations"), and on that basis, denies them.

66.     Amazon admits that United States Patent and Trademark Office Registration Nos. 6228267, 3414814, 4171965, 5655933, 6019093, and 3411872 include AMAZON or AMAZON.COM.  Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 66, and on that basis, denies them.

67.     Denied.

68.     Paragraph 68 states a legal conclusion to which no response is required.  To

the extent any response is required, Amazon denies infringement and thus denies the remaining allegations of Paragraph 68.

69.    Paragraph 69 states a legal conclusion to which no response is required.  To the extent any response is required, Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 69, and on that basis, denies them.

## THE STORY BEHIND MR. ÍÑIGUEZ' ALLEGED INVENTIONS

70.    Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 70, and on that basis, denies them.

71.    Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 71, and on that basis, denies them.

72.    Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 72, and on that basis, denies them.

73.    Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 73, and on that basis, denies them.

74.    Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 74, and on that basis, denies them.

75.    Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 75, and on that basis, denies them.

76.    Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 76, and on that basis, denies them.

77.    Denied.

78.    Amazon lacks knowledge or information sufficient to evaluate the truth of

the allegations of Paragraph 78, and on that basis, denies them.

79.    Amazon admits that the '777 patent issued on September 29, 2015; listed Swarm Technology LLC as the assignee; and is titled "Parallel Processing With Solidarity Cells By Proactively Retrieving From a Task Pool a Matching Task for the Solidarity Cell to Process."  Amazon denies the remaining allegations of Paragraph 79.

80.    Amazon admits that the '004 patent issued on December 26, 2017; listed Swarm Technology LLC as the assignee; and is titled "System and Method for Parallel Processing Using Dynamically Configurable Proactive Co-Processing Cells."  Amazon denies the remaining allegations of Paragraph 80.

81.    Amazon admits that the '275 patent issued on March 17, 2020; listed Swarm Technology LLC as the assignee; and is titled "System and Method for Swarm Collaborative Intelligence Using Dynamically Configurable Proactive Autonomous Agents."  Amazon denies the remaining allegations of Paragraph 81.

82.    Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 82, and on that basis, denies them.

83.    Denied.

84.    To the extent Paragraph 84 states a legal conclusion, no response is required. Amazon admits that the Patents-in-Suit are directed to a system having a controller, task pool, and one or more co-processors for retrieving tasks from the task pool—analogous to the abstract idea of a scrum board.  Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 84, and on that basis, denies them.

85.     Denied, including because Amazon lacks knowledge or information sufficient to evaluate the truth of what "Mr. Íñiguez contemplated."

86.     To the extent Paragraph 86 states a legal conclusion, no response is required. Amazon lacks knowledge or information sufficient to evaluate the truth of the remaining allegations of Paragraph 86, and on that basis, denies them.

87.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 87, and on that basis, denies them.

88.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 88, and on that basis, denies them.

89.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 89, and on that basis, denies them.

90.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 90, and on that basis, denies them.

91.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 91, and on that basis, denies them.

92.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 92, and on that basis, denies them.

93.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 93, and on that basis, denies them.

94.     Denied.

95.     Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 95, and on that basis, denies them.

96.     Amazon admits that FAC Exhibit S purports to be a letter dated November 23, 2015, from Michael K. Kelly of the law firm Jennings, Strouss & Salmon, PLC addressed to Mr. Werner Vogels, Chief Technical Officer, Amazon.  Amazon admits that FAC Exhibit S states, among other things, that the '777 patent issued and refers to a "pending U.S. application and numerous anticipated foreign counterparts."  Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 96, and on that basis, denies them.

97.     Amazon admits that FAC Exhibit T purports to include an email from Alfonso Iniguez to the email address "patents@amazon.com"; dated February 10, 2016; under the subject "Augmented Reality with IoT and Amazon Echo."  Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 97, and on that basis, denies them.

98.     Amazon admits that FAC Exhibit U purports to include an email from Alfonso Iniguez to the email address "patents@amazon.com"; dated August 10, 2016; and under the subject "Please forward to Amazon Robotics."  Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 98, and on that basis, denies them.

99.     Amazon admits that FAC Exhibit V purports to be a letter dated July 16, 2018, from Michael K. Kelly of the law firm Jennings, Strouss & Salmon, P.L.C. addressed to Jeffrey M. Blackburn, Senior Vice President, Business Development, Amazon.  Amazon admits that FAC Exhibit V states that "Swarm's current patent assets include" the '004 patent; the '777 patent; U.S. Pat. App. Serial No. 15/185,480; and "[v]arious pending

foreign applications."  Amazon admits that FAC Exhibit V states:  "We would welcome the opportunity to discuss exclusive or non-exclusive patent licensing arrangements with you."  Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 99, and on that basis, denies them.

100.    Denied.

101.    To the extent Paragraph 101 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that the '004 patent is titled, "System and Method for Parallel Processing Using Dynamically Configurable Proactive Co-Processing Cells."  Amazon denies the remaining allegations of Paragraph 101.

102.    To the extent Paragraph 102 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that the '004 patent claims the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components—and therefore is invalid.  Amazon denies the remaining allegations of Paragraph 102.

103.    Amazon admits that Paragraph 103 shows Figure 6 of the '004 patent. Amazon denies the remaining allegations of Paragraph 103.

104.    Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 104, and on that basis, denies them.

105.    To the extent Paragraph 105 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that the '004 patent claims the abstract idea of a scrum board implemented in conventional controller, task pool,

and co-processor components—and therefore is invalid.  Amazon denies the remaining allegations of Paragraph 105.

106.    Amazon admits that Paragraph 106 appears to correctly quote claim 1 of the '004 patent.  That said, the United States Patent and Trademark Office's Patent Trial and Appeal Board is reviewing the patentability of claim 1 of the '004 patent, and Swarm has moved in that review proceeding to amend the language of claim 1 of the '004 patent.  *See* IPR2021-01445 (PTAB).

107.    Denied.

108.    Denied.

109.    To the extent Paragraph 109 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that the '275 patent is titled, "System and Method for Swarm Collaborative Intelligence Using Dynamically Configurable Proactive Autonomous Agents."  Amazon denies the remaining allegations of Paragraph 109.

110.    To the extent Paragraph 110 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that claim 1 of the '275 patent is directed to the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components—and therefore is invalid.  Amazon denies the remaining allegations of Paragraph 110.

111.    Amazon admits that Paragraph 111 appears to correctly quote claim 1 of the '275 patent.

112.    Denied

113.   Denied.

114.   To the extent Paragraph 114 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that the '777 patent is titled, "Parallel Processing with Solidarity Cells by Proactively Retrieving From a Task Pool a Matching Task for the Solidarity Cell to Process."  Amazon lacks knowledge or information sufficient to evaluate the truth of the allegations of Paragraph 114 (including as to what the FAC means by "a large computing requirement"), and on that basis, denies them.

115.   To the extent Paragraph 115 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that claim 1 of the '777 patent is directed to the abstract idea of a scrum board implemented in conventional CPU, task pool, and co-processor components—and therefore is invalid.  Amazon denies the remaining allegations of Paragraph 115.

116.   Amazon admits that Paragraph 116 appears to correctly quote claim 1 of the '777 patent.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Amazon admits that 35 U.S.C. § 271(a) states:  "Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  Amazon denies the

remaining allegations of Paragraph 120.

121.    Paragraph 121 states a legal conclusion to which no response is required.  To the extent any response is required, Amazon admits that 35 U.S.C. § 271(b) states: "Whoever actively induces infringement of a patent shall be liable as an infringer." Amazon denies the remaining allegations of Paragraph 121.

122.    Denied.

123.    Denied.

## THE '004 PATENT

**I.    Amazon <u>Denies</u> that Swarm Invented New and Useful Processes and Machines Which Improve the Operation of a Computer and Which Include Inventive Concepts**

124.    Amazon admits that Paragraph 124 appears to correctly quote claim 1 of the '004 patent.  That said, the United States Patent and Trademark Office's Patent Trial and Appeal Board is reviewing the patentability of claim 1 of the '004 patent, and Swarm has moved in that review proceeding to amend the language of claim 1 of the '004 patent.  *See* IPR2021-01445 (PTAB).

### A. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture

125.    Amazon admits that Paragraph 125 appears to correctly quote the preamble of claim 1 of the '004 patent.

126.    To the extent that Paragraph 126 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 126 appears to correctly quote modified portions of the '004 patent specification.  Amazon denies the remaining allegations of Paragraph 126.

127.    Denied.

128.    Amazon admits that claim 1 of the '004 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 128.

### B. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Comprising a Task Pool Interposed Between the CPU and the Co-Processors

129.    Amazon admits that Paragraph 129 correctly quotes a portion of claim 1 of the '004 patent.  That said, the United States Patent and Trademark Office's Patent Trial and Appeal Board is reviewing the patentability of claim 1 of the '004 patent, and Swarm has moved in that review proceeding to amend the language of claim 1 of the '004 patent. *See* IPR2021-01445 (PTAB).

130.    To the extent that Paragraph 130 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 130 appears to correctly quote a portion of the '004 patent specification.  Amazon admits that the '004 patent specification describes the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components.  Amazon denies the remaining allegations of Paragraph 130.

131.    Amazon admits that before the '004 patent, at least some conventional computer systems included a CPU and one or more co-processors.  Amazon further admits that in some conventional computer systems, a controller could distribute tasks to a plurality of co-processors.  Amazon denies the remaining allegations of Paragraph 131.

132.    Denied.

133.    Amazon admits that claim 1 of the '004 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 133.

**C. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Including a Controller Configured to Place Tasks Into the Task Pool**

134.   Amazon admits that Paragraph 134 appears to correctly quote a portion of claim 1 of the '004 patent.  That said, the United States Patent and Trademark Office's Patent Trial and Appeal Board is reviewing the patentability of claim 1 of the '004 patent, and Swarm has moved in that review proceeding to amend the language of claim 1 of the '004 patent.  *See* IPR2021-01445 (PTAB).

135.   To the extent that Paragraph 135 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 135 appears to correctly quote portions of the '004 patent specification.  Amazon admits that the '004 patent specification describes the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components.  Amazon denies the remaining allegations of Paragraph 135.

136.   Denied.

137.   Amazon admits that claim 1 of the '004 patent is directed to an abstract idea.  Amazon denies the remaining allegations of Paragraph 137.

**D. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Comprising First and Second Co-Processors, Each Configured to Retrieve Tasks From the Task Pool Rather Than From the CPU**

138.   Amazon admits that Paragraph 138 appears to correctly quote a portion of claim 1 of the '004 patent.  That said, the United States Patent and Trademark Office's Patent Trial and Appeal Board is reviewing the patentability of claim 1 of the '004 patent, and Swarm has moved in that review proceeding to amend the language of claim 1 of the '004 patent.  *See* IPR2021-01445 (PTAB).

139.   To the extent that Paragraph 139 states a legal conclusion, no response is

required.   To the extent any response is required, Amazon admits that Paragraph 139 appears to correctly quote portions of the '004 patent specification, but denies that the corresponding citations are correct.   Amazon admits that the '004 patent specification describes the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components.   Amazon denies the remaining allegations of Paragraph 139.

140.   Denied.

141.   Amazon admits that claim 1 of the '004 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 141.

142.   Amazon admits that claim 1 of the '004 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 142.

**E.   Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Configured to Dynamically Accept the First, Second, and an Additional Co-Processor on a Plug-and-Play Basis**

143.   Amazon admits that Paragraph 143 appears to correctly quote a portion of claim 1 of the '004 patent.   That said, the United States Patent and Trademark Office's Patent Trial and Appeal Board is reviewing the patentability of claim 1 of the '004 patent, and Swarm has moved in that review proceeding to amend the language of claim 1 of the '004 patent.   *See* IPR2021-01445 (PTAB).

144.   To the extent that Paragraph 144 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 144 appears to correctly quote a modified portion of the '004 patent specification.   Amazon admits that the '004 patent specification describes the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components.   Amazon

1    denies the remaining allegations of Paragraph 144.

2        145.    Denied.

3        146.    Amazon admits that claim 1 of the '004 patent is directed to an abstract idea.

4
5    Amazon denies the remaining allegations of Paragraph 146.

6        147.    Denied.

7        148.    Denied.

8
9        149.    To the extent that Paragraph 149 states a legal conclusion, no response is

10   required.   To the extent any response is required, Amazon admits that Paragraph 149

11   appears to correctly quote a modified portion of claim 4 of the '004 patent.  Amazon denies

12   the remaining allegations of Paragraph 149.

13
14       150.    To the extent that Paragraph 150 states a legal conclusion, no response is

15   required.   To the extent any response is required, Amazon admits that Paragraph 150

16   appears to correctly quote a portion of claim 5 of the '004 patent.  Amazon denies the

17   remaining allegations of Paragraph 150.

18
19       151.    To the extent that Paragraph 151 states a legal conclusion, no response is

20   required.   To the extent any response is required, Amazon admits that Paragraph 151

21   appears to correctly quote a portion of claim 6 of the '004 patent.  Amazon denies the

22   remaining allegations of Paragraph 151.

23
24       152.    To the extent that Paragraph 152 states a legal conclusion, no response is

25   required.   To the extent any response is required, Amazon admits that Paragraph 152

26   appears to correctly quote a portion of claim 7 of the '004 patent.  Amazon denies the

27   remaining allegations of Paragraph 152.

28

153.   To the extent that Paragraph 153 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 153 appears to correctly quote a portion of claim 8 of the '004 patent.   Amazon denies the remaining allegations of Paragraph 153.

154.   To the extent that Paragraph 154 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 154 appears to correctly quote a portion of claim 9 of the '004 patent.   Amazon denies the remaining allegations of Paragraph 154.

155.   To the extent that Paragraph 155 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 155 appears to correctly quote a portion of claim 10 of the '004 patent.   Amazon denies the remaining allegations of Paragraph 155.

156.   To the extent that Paragraph 156 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 156 appears to correctly quote a portion of claim 11 of the '004 patent.   Amazon denies the remaining allegations of Paragraph 156.

157.   To the extent that Paragraph 157 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 157 appears to correctly quote a portion of claim 12 of the '004 patent.   Amazon denies the remaining allegations of Paragraph 157.

158.   Denied.

# THE '275 PATENT

**II.    Amazon <u>Denies</u> that Swarm Invented New and Useful Processes and Machines Which Improve the Operation of a Computer and Which Include Inventive Concepts**

159.    Amazon admits that Paragraph 159 appears to correctly quote claim 1 of the '275 patent.

### A. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture

160.    Amazon admits that Paragraph 160 appears to correctly quote the preamble of claim 1 of the '275 patent.

161.    To the extent that Paragraph 161 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 161 appears to correctly quote a modified portion of the '275 patent specification.  Amazon denies the remaining allegations of Paragraph 161.

162.    Denied.

163.    Amazon admits that claim 1 of the '275 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 163.

### B. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Comprising a Task Pool Interposed Between the CPU and the Co-Processors

164.    Amazon admits that Paragraph 164 correctly quotes a portion of claim 1 of the '275 patent.

165.    To the extent that Paragraph 165 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 165 appears to correctly quote a portion of the '275 patent specification.  Amazon admits that the '275 patent specification describes the abstract idea of a scrum board implemented in

conventional controller, task pool, and co-processor components.  Amazon denies the remaining allegations of Paragraph 165.

166.    Amazon admits that before the '275 patent, at least some conventional computer systems included a CPU and one or more co-processors.  Amazon further admits that in some conventional computer systems, a controller could distribute tasks to a plurality of co-processors.  Amazon denies the remaining allegations of Paragraph 166.

167.    Denied.

168.    Amazon admits that claim 1 of the '275 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 168.

**C. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Comprising a Controller Configured to Place Tasks Into the Task Pool**

169.    Amazon admits that Paragraph 169 appears to correctly quote a portion of claim 1 of the '275 patent.

170.    To the extent that Paragraph 170 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 170 appears to correctly quote portions of the '275 patent specification.  Amazon admits that the '275 patent specification describes the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components.  Amazon denies the remaining allegations of Paragraph 170.

171.    Denied.

172.    Amazon admits that claim 1 of the '275 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 172.

**D. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Comprising First and Second Co-Processors, Each Configured to Coordinate Tasks with the Task Pool instead of the CPU**

173.   Amazon admits that Paragraph 173 appears to correctly quote a portion of claim 1 of the '275 patent.

174.   To the extent that Paragraph 174 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 174 appears to correctly quote portions of the '275 patent specification.   Amazon admits that the '275 patent specification describes the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components.   Amazon denies the remaining allegations of Paragraph 174.

175.   Denied.

176.   Amazon admits that claim 1 of the '275 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 176.

177.   Amazon admits that claim 1 of the '275 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 177.

**E. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Configured to Dynamically Accept the First, Second, and an Additional Co-Processor on a Plug-and-Play Basis**

178.   Denied.

179.   To the extent that Paragraph 179 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 179 appears to correctly quote a modified portion of the '275 patent specification.   Amazon admits that the '275 patent specification describes the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components.   Amazon

1    denies the remaining allegations of Paragraph 179.

2        180.    Denied.

3

4        181.    Amazon admits that claim 1 of the '275 patent is directed to an abstract idea.

5    Amazon denies the remaining allegations of Paragraph 181.

6            **F. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture in
             Which the First and Second Tasks are Associated with a Common
7            Objective**

8        182.    Amazon admits that Paragraph 182 appears to correctly quote a portion of

9    claim 1 of the '275 patent.

10

11       183.    To the extent that Paragraph 183 states a legal conclusion, no response is

12   required.   To the extent any response is required, Amazon admits that Paragraph 183

13   appears to correctly quote a portion of the '275 patent specification.   Amazon denies the

14   remaining allegations of Paragraph 183.

15

16       184.    Denied.

17       185.    Amazon admits that claim 1 of the '275 patent is directed to an abstract idea.

18   Amazon denies the remaining allegations of Paragraph 185.

19           **G. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture
             Comprising First and Second Co-Processors Which Autonomously
20           Work Together in Solidarity with the Task Pool to Complete the
             Common Objective**
21

22       186.    Amazon admits that Paragraph 186 appears to correctly quote a portion of

23   claim 1 of the '275 patent.

24       187.    To the extent that Paragraph 187 states a legal conclusion, no response is

25   required.   To the extent any response is required, Amazon admits that Paragraph 187

26   appears to correctly quote a portion of the '275 patent specification.   Amazon denies the

27

28   remaining allegations of Paragraph 187.

188.   Denied.

189.   Amazon admits that claim 1 of the '275 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 189.

190.   Denied.

191.   Denied

192.   To the extent that Paragraph 192 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 192 appears to correctly quote a modified portion of claim 2 of the '275 patent.  Amazon denies the remaining allegations of Paragraph 192.

193.   To the extent that Paragraph 193 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 193 appears to correctly quote a portion of claim 4 of the '275 patent.  Amazon denies the remaining allegations of Paragraph 193.

194.   To the extent that Paragraph 194 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 194 appears to correctly quote a portion of claim 5 of the '275 patent.  Amazon denies the remaining allegations of Paragraph 194.

195.   To the extent that Paragraph 195 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 195 appears to correctly quote a portion of claim 6 of the '275 patent.  Amazon denies the remaining allegations of Paragraph 195.

196.   To the extent that Paragraph 196 states a legal conclusion, no response is

required.  To the extent any response is required, Amazon admits that Paragraph 196 appears to correctly quote a portion of claim 8 of the '275 patent.  Amazon denies the remaining allegations of Paragraph 196.

197.   To the extent that Paragraph 197 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 197 appears to correctly quote a portion of claim 10 of the '275 patent.  Amazon denies the remaining allegations of Paragraph 197.

198.   To the extent that Paragraph 198 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 198 appears to correctly quote a portion of claim 16 of the '275 patent.  Amazon denies the remaining allegations of Paragraph 198.

199.   To the extent that Paragraph 199 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 199 appears to correctly quote a portion of claim 17 of the '275 patent.  Amazon denies the remaining allegations of Paragraph 199.

200.   Denied.

## THE '777 PATENT

**III.   Amazon <u>Denies</u> that Swarm Invented New and Useful Processes and Machines Which Improve the Operations of a Computer and Which Include Inventive Concepts**

201.   Amazon admits that Paragraph 201 appears to correctly quote claim 1 of the '777 patent.

### A.  Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture

202.   Amazon admits that Paragraph 202 appears to correctly quote the preamble

of claim 1 of the '777 patent.

203.   To the extent that Paragraph 203 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 203 appears to correctly quote a portion of the '777 patent specification.   Amazon denies the remaining allegations of Paragraph 203.

204.   Denied.

205.   Amazon admits that claim 1 of the '777 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 205.

**B.   Amazon Denies that Swarm Invented a New Processing Architecture Comprising a Task Pool Interposed Between the CPU and the Co-Processors**

206.   Amazon admits that Paragraph 206 correctly quotes a portion of claim 1 of the '777 patent.

207.   To the extent that Paragraph 207 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 207 appears to correctly quote a portion of the '777 patent specification.   Amazon admits that the '777 patent specification describes the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components.   Amazon denies the remaining allegations of Paragraph 207.

208.   Amazon admits that before the '777 patent, at least some conventional computer systems included a CPU and one or more co-processors.   Amazon further admits that in some conventional computer systems, a controller could distribute tasks to a plurality of co-processors.   Amazon denies the remaining allegations of Paragraph 208.

209.   Denied.

210.    Amazon admits that claim 1 of the '777 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 210.

### C. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Comprising a Task Pool in Electronic Communication with the CPU

211.    Amazon admits that Paragraph 211 correctly quotes a portion of claim 1 of the '777 patent.

212.    To the extent that Paragraph 212 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 212 appears to correctly quote portions of the '777 patent specification, albeit with an additional unindicated omission.  Amazon admits that the '777 patent specification describes the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components.  Amazon denies the remaining allegations of Paragraph 212.

213.    Denied.

214.    Amazon admits that claim 1 of the '777 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 214.

### D. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Comprising a Solidarity Cell Configured to Retrieve a Matching Task From the Task Pool Without Requiring an Instruction from the CPU

215.    Amazon admits that Paragraph 215 appears to correctly quote a portion of claim 1 of the '777 patent.

216.    To the extent that Paragraph 216 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 216 appears to correctly quote portions of the '777 patent specification.  Amazon admits that the '777 patent specification describes the abstract idea of a scrum board implemented in conventional controller, task pool, and co-processor components.  Amazon denies the

remaining allegations of Paragraph 216.

217.    Denied.

218.    Amazon admits that claim 1 of the '777 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 218.

219.    Denied.

**E. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture in Which the CPU Populates the Task Pool with a Matching Task**

220.    Amazon admits that Paragraph 220 appears to correctly quote a portion of claim 1 of the '777 patent.

221.    To the extent that Paragraph 221 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 221 appears to correctly quote a portion of the '777 patent specification.   Amazon denies the remaining allegations of Paragraph 221.

222.    Denied.

223.    Amazon admits that claim 1 of the '777 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 223.

**F. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Comprising a Task Format Which Includes a Descriptor Defining a Function to be Executed and a Location of the Data Upon Which the Function is to be Executed**

224.    Amazon admits that Paragraph 224 appears to correctly quote a portion of claim 1 of the '777 patent.

225.    To the extent that Paragraph 225 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 225 appears to correctly quote portions of the '777 patent specification.   Amazon denies the

remaining allegations of Paragraph 225.

226.    Denied.

227.    Amazon admits that claim 1 of the '777 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 227.

### G. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Including a Data Frame Comprising a Source Address, a Destination Address, and a Payload

228.    Amazon admits that Paragraph 228 appears to correctly quote a portion of claim 1 of the '777 patent.

229.    To the extent that Paragraph 229 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 229 appears to correctly quote a portion of the '777 patent specification.  Amazon denies the remaining allegations of Paragraph 229.

230.    Denied.

231.    Amazon admits that claim 1 of the '777 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 231.

### H. Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Comprising a Solidarity Cell Configured to Retrieve a Matching Task by Dispatching an Agent to the Task Pool

232.    Amazon admits that Paragraph 232 appears to correctly quote a portion of claim 1 of the '777 patent.

233.    To the extent that Paragraph 233 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 233 appears to correctly quote portions of the '777 patent specification.  Amazon denies the remaining allegations of Paragraph 233.

234.   Denied.

235.   Amazon admits that claim 1 of the '777 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 235.

**I.   Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Comprising a Solidarity Cell Configured to Retrieve a Matching Task by Selecting an Appropriate Task From the Task Pool**

236.   Amazon admits that Paragraph 236 appears to correctly quote a portion of claim 1 of the '777 patent.

237.   To the extent that Paragraph 237 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 237 appears to correctly quote a portion of the '777 patent specification.   Amazon denies the remaining allegations of Paragraph 237.

238.   Denied.

239.   Amazon admits that claim 1 of the '777 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 239.

**J.   Amazon <u>Denies</u> that Swarm Invented a New Processing Architecture Comprising a Solidarity Cell Configured to Return the Matching Task to the Cell**

240.   Amazon admits that Paragraph 240 appears to correctly quote a portion of claim 1 of the '777 patent.

241.   To the extent that Paragraph 241 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 241 appears to correctly quote a portion of the '777 patent specification.   Amazon denies the remaining allegations of Paragraph 241.

242.   Denied.

243.    Amazon admits that claim 1 of the '777 patent is directed to an abstract idea. Amazon denies the remaining allegations of Paragraph 243.

244.    Denied.

245.    Denied.

246.    To the extent that Paragraph 246 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 246 appears to correctly quote a portion of claim 2 of the '777 patent.   Amazon denies the remaining allegations of Paragraph 246.

247.    To the extent that Paragraph 247 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 247 appears to correctly quote a modified portion of claim 3 of the '777 patent.  Amazon denies the remaining allegations of Paragraph 247.

248.    To the extent that Paragraph 248 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 248 appears to correctly quote a modified portion of claim 4 of the '777 patent.  Amazon denies the remaining allegations of Paragraph 248.

249.    To the extent that Paragraph 249 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 249 appears to correctly quote a modified portion of claim 8 of the '777 patent.  Amazon denies the remaining allegations of Paragraph 249.

250.    To the extent that Paragraph 250 states a legal conclusion, no response is required.   To the extent any response is required, Amazon admits that Paragraph 250

appears to correctly quote a modified portion of claim 9 of the '777 patent.  Amazon denies the remaining allegations of Paragraph 250.

251.   To the extent that Paragraph 251 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 251 appears to correctly quote a modified portion of claim 10 of the '777 patent.  Amazon denies the remaining allegations of Paragraph 251.

252.   To the extent that Paragraph 252 states a legal conclusion, no response is required.  To the extent any response is required, Amazon admits that Paragraph 252 appears to correctly quote a modified portion of claim 11 of the '777 patent.  Amazon denies the remaining allegations of Paragraph 252.

253.   Denied.

## AWS' PRODUCTS AND SERVICES

254.   Denied

255.   Denied.

256.   Denied.

## SWARM'S ALLEGEDLY EXEMPLARY CLAIM CHARTS

257.   Denied.

258.   Denied.

259.   Denied.

260.   Denied.

261.   Denied.

262.   Denied.

263.   Denied.

264.   Denied.

265.   Denied.

266.   Denied.

267.   Denied.

268.   Denied.

269.   Denied.

270.   Denied.

271.   Denied.

272.   Denied.

273.   Denied.

274.   Denied.

275.   Denied.

276.   Denied.

277.   Denied.

278.   Denied.

279.   Denied.

280.   Denied.

281.   Denied.

282.   Denied.

**SWARM'S FIRST CLAIM FOR RELIEF**
**(ALLEGED INFRINGEMENT OF THE '004 PATENT)**

283.   Amazon repeats, incorporates, and realleges Paragraphs 1–282 of this Answer as if fully set forth herein.

284.   Denied.

285.   Denied.

286.   Denied.

287.   Denied.

288.   Denied.

289.   Denied.

290.   Denied.

**SWARM'S SECOND CLAIM FOR RELIEF**
**(ALLEGED INFRINGEMENT OF THE '275 PATENT)**

291.   Amazon repeats, incorporates, and realleges Paragraphs 1–290 of this Answer as if fully set forth herein.

292.   Denied.

293.   Denied.

294.   Denied.

295.   Denied.

296.   Denied.

297.   Denied.

298.   Denied.

**SWARM'S THIRD CLAIM FOR RELIEF**
**(ALLEGED INFRINGEMENT OF THE '777 PATENT)**

299.   Amazon repeats, incorporates, and realleges Paragraphs 1–298 of this Answer as if fully set forth herein

300.   Denied.

301.   Denied.

1   302.   Denied.

2   303.   Denied.

3

4   304.   Denied.

5   305.   Denied.

6   306.   Denied.

7
### SWARM'S PRAYER FOR RELIEF
8

9   No response is required to Swarm's prayer for relief.  To the extent any response is

10  required, Amazon denies that Swarm is entitled to any of the relief described therein, or to

11  any relief whatsoever.

12
### AFFIRMATIVE AND OTHER DEFENSES
13

14  Pursuant to Federal Rule of Civil Procedure 8(c), Amazon asserts the following

15  defenses to Swarm's First Amended Complaint.  In making such defenses, Amazon does

16  not concede that it bears the burden of proof as to any of them.  Amazon reserves the right

17  to amend, modify, or expand these defenses, and to take further positions, as appropriate

18  as discovery and litigation proceeds.

19
### FIRST DEFENSE
20  ### (NONINFRINGEMENT)

21  Amazon does not infringe, and has not infringed, any valid, enforceable, asserted

22  claim of the '004, '275, or '777 patents (collectively, the "Patents-in-Suit"), either literally

23

24  or under the doctrine of equivalents, under any theory of infringement.

25
### SECOND DEFENSE
26  ### (INVALIDITY)

27  Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one

28  or more of the requirements of Title 35 of the United States Code, including without

limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### THIRD DEFENSE
### (PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)

Based on its statements, representations, and admissions made during prosecution of the patent applications that resulted in the Patents-in-Suit, during prosecution of related patent applications, and in connection with *inter partes* review of the Patents-in-Suit, Swarm is barred from asserting any interpretation of the claims of the Patents-in-Suit that would be broad enough to cover any allegedly infringing Amazon product or service.

### FOURTH DEFENSE
### (EQUITABLE DEFENSES)

Swarm's attempted enforcement of the Patents-in-Suit against Amazon is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

### FIFTH DEFENSE
### (LIMITATION ON DAMAGES)

Swarm's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and 287.

### SIXTH DEFENSE
### (NO INJUNCTIVE RELIEF)

Swarm is not entitled to injunctive relief as it has, at a minimum, an adequate remedy at law upon any finding of infringement and has not suffered any irreparable injury.

### SEVENTH DEFENSE
### (LIMITATION ON RECOVERY OF FEES AND COSTS)

Swarm is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

1
2

**EIGHTH DEFENSE**
**(NO WILLFULNESS)**

3   Swarm is not entitled to seek enhanced damages or attorneys' fees for willful

4   infringement, at least because Amazon lacked prior notice of Swarm's infringement

5
6   allegations, and has not intentionally or deliberately infringed or acted in an egregious

7   manner or with willful misconduct.

8

**RESERVATION OF RIGHTS**

9   Amazon hereby reserves the right to amend its Answer, and reserves all defenses

10  set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United

11
12  States, and any other defenses, at law or equity, which become applicable based on later-

13  produced discovery or otherwise made apparent during the course of this litigation.

14

**PRAYER FOR RELIEF**

15  WHEREFORE, having answered Swarm's First Amended Complaint, Amazon

16
17  respectfully requests entry of judgment in its favor, including:

18      A. denying all relief sought by Swarm in its First Amended Complaint;

19      B. dismissing with prejudice each and every claim asserted in Swarm's First

20          Amended Complaint;

21
22      C. ordering that judgment be entered in Amazon's favor, that Amazon is the

23          prevailing party, and that this case is exceptional under 35 U.S.C. § 285;

24      D. awarding Amazon all of its costs, expenses, and attorneys' fees; and

25      E. granting Amazon any other and additional relief, in law or in equity, as the

26          Court deems just and proper.

27

28

1

## **COUNTERCLAIMS**

2

Defendant Amazon.com, Inc. and Amazon Web Services, Inc. (collectively

3

"Amazon") bring the following counterclaims against Plaintiff Swarm Technology, LLC

4

5

("Swarm") for declaratory judgment that U.S. Patent Nos. 9,146,777; 9,852,004; and

6

10,592,275 (the '777, '004, and '275 patents, respectively, and the Patents-in-Suit,

7

collectively) are invalid.

8

## **NATURE OF THE ACTION**

9

10

1.      Amazon brings counterclaims for declaratory judgment that the Patents-in-

11

Suit are invalid, arising pursuant to the patent laws of the United States, 35 U.S.C. § 100

12

*et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

13

## **JURISDICTION AND VENUE**

14

15

2.      Subject to the affirmative defenses and denials set forth above, this Court has

16

subject matter jurisdiction over Amazon's Counterclaims under 28 U.S.C. §§ 1331, 1338,

17

1367, 2201, and 2202.

18

3.      By filing its Complaint and First Amended Complaint ("FAC"), Swarm has

19

20

consented to the personal jurisdiction of this Court for purposes of this action. *See* Doc. 1,

21

102.

22

4.      Swarm has alleged in Paragraph 9 of its First Amended Complaint that

23

Swarm is an Arizona limited liability company (Arizona ID L18990310) with a principal

24

place of business at 732 East Lehi Road, Mesa, Arizona 85203. *See* Doc. 102 at 4.

25

26

5.      Swarm has alleged in Paragraph 10 of its First Amended Complaint that

27

Alfonso Íñiguez is the named inventor of the Patents-in-Suit, a Member of Swarm, and a

28

resident of Mesa, Arizona. *See* Doc. 102 at 4.

6.     Swarm has alleged in Paragraph 11 of its First Amended Complaint that Alejandra Íñiguez is a Member of Swarm and a resident of Mesa, Arizona.  *See* Doc. 102 at 4.

7.     Swarm has alleged in Paragraph 12 of its First Amended Complaint that Alfonso Íñiguez and Alejandra Íñiguez are the sole owners of Swarm.  *See* Doc. 102 at 4.

8.     On information and belief, Swarm has no employees.  *See* Transcript of Deposition of Alfonso Íñiguez at 77 (May 14, 2021), *Juniper Networks, Inc., et al. v. Swarm Technology LLC*, Case No. 3:20-cv-03137-JD (N.D. Cal.) (Doc. 60-3).

9.     On information and belief, Swarm has never sold any products.  *See* Transcript of Deposition of Alfonso Íñiguez at 77–78 (May 14, 2021), *Juniper Networks, Inc., et al. v. Swarm Technology LLC*, Case No. 3:20-cv-03137-JD (N.D. Cal.) (Doc. 60-3).

10.     On information and belief, Swarm has never realized revenue.  *See* Transcript of Deposition of Alfonso Íñiguez at 78 (May 14, 2021), *Juniper Networks, Inc., et al. v. Swarm Technology LLC*, Case No. 3:20-cv-03137-JD (N.D. Cal.) (Doc. 60-3).

11.     To the extent that the underlying action proceeds in this District, then venue as to these counterclaims is proper under 28 U.S.C. §§ 1391 and 1400(b).

12.     Amazon denies Swarm's claims for infringement of the Patents-in-Suit.

13.     An actual controversy has arisen and now exists between Amazon and Swarm as to invalidity of the Patents-in-Suit.

**FIRST COUNTERCLAIM**
**(INVALIDITY OF THE '004 PATENT)**

14.     Amazon realleges and incorporates by reference the allegations contain in

Paragraphs 1–13 above as though fully set forth herein.

15.    Swarm purports to be the sole owner by assignment of all right, title, and interest in and to the '004 patent.  *See* FAC ¶¶ 6, 82.

16.    In this action, Swarm alleges that Amazon has infringed and continues to infringe claims 1–12 of the '004 patent.

17.    Amazon denies that any claim of the '004 patent is valid.

18.    Amazon asserts that all claims of the '004 patent are invalid for failure to comply with one or more requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq.*, including but not limited to §§ 101, 102, 103, 112, and/or 116.

19.    All claims of the '004 patent are directed to an abstract idea.

20.    All claims of the '004 patent are directed to the abstract idea of a scrum board, or project management using a scrum board.

21.    None of the claims of the '004 patent include an inventive concept that renders it significantly more than the abstract idea to which it is directed.

22.    None of the claims of the '004 patent include significantly more to transform the claimed abstract idea into a patent-eligible invention.

23.    All claims of the '004 patent are invalid under 35 U.S.C. § 101 based on *Alice Corp. v. CLS Bank International*, 573 U.S. 208 (2014), and its progeny.

24.    All claims of the '004 patent are invalid at least under 35 U.S.C. § 103 because such claims would have been obvious based on prior art.

25.    Claim 1 of the '004 patent would have been obvious based on U.S. Patent Application Publication No. 2007/0124363 A1.  *See* Amazon's Petition for *Inter Partes*

Review of U.S. Patent No. 9,852,004 (PTAB) (December 8, 2021).

26.     The first named inventor of U.S. Patent Application Publication No. 2007/0124363 A1 is Roy Lurie.  *See* IPR2022-00283 Exhibit 1007.

27.     U.S. Patent Application Publication No. 2007/0124363 A1 published on May 31, 2007.

28.     U.S. Patent Application Publication No. 2007/0124363 A1 is prior art to the claims of the '004 patent under 35 U.S.C. § 102(b).

29.     Claims 2–3 and 6–11 of the '004 patent would have been obvious based on U.S. Patent Application Publication No. 2007/0124363 A1 in view of *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980).  *See* Amazon's Petition for *Inter Partes* Review of U.S. Patent No. 9,852,004 (PTAB) (December 8, 2021).

30.     *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980), originally published in 1980.  *See* IPR2022-00283 Exhibit 1009.

31.     *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980), also published in *Computer Communication Review* in July 1981.

32.     *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980), also was made publicly available in print by the University of Wisconsin-Madison Library at least as early as October 11, 1981.

33.     *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer*

*Specifications*, Version 1.0 (Sept. 30, 1980), also was publicly available on the Internet Archive at least as early as July 25, 2011.

34.     *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980), is prior art to the claims of the '004 patent under 35 U.S.C. § 102(b).

35.     Claims 4–5 of the '004 patent would have been obvious based on U.S. Patent Application Publication No. 2007/0124363 A1 in view of (a) *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980) and (b) U.S. Patent Application Publication No. 2012/0192201 A1.

36.     The first named inventor of U.S. Patent Application Publication No. 2012/0192201 A1 is Benjamin Thomas Sander.  *See* IPR2022-00283 Exhibit 1010.

37.     U.S. Patent Application Publication No. 2012/0192201 A1 published on July 26, 2012.

38.     U.S. Patent Application Publication No. 2012/0192201 A1 is prior art to the claims of the '004 patent under 35 U.S.C. § 102(a).

39.     Claim 12 of the '004 patent would have been obvious based on U.S. Patent Application Publication No. 2007/0124363 A1 in view of (a) *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980) and (b) U.S. Patent Application Publication No. 2005/0132380 A1.

40.     The first named inventor of U.S. Patent Application Publication No. 2005/0132380 A1 is Alex Chughen Chow.  *See* IPR2022-00283 Exhibit 1008.

41.     U.S. Patent Application Publication No. 2005/0132380 A1 published on June

16, 2005.

42.     U.S. Patent Application Publication No. 2005/0132380 A1 is prior art to the claims of the '004 patent under 35 U.S.C. § 102(b).

43.     The United States Patent Trial and Appeal Board has determined that there is a reasonable likelihood that all claims of the '004 patent are unpatentable.

44.     The United States Patent Trial and Appeal Board has determined that there is a reasonable likelihood that at least one claim of the '004 patent is unpatentable.

45.     On June 29, 2022, the United States Patent Trial and Appeal Board instituted an *inter partes* review of all claims of the '004 patent.  *See* IPR2022-00283 (Paper 6).

46.     On June 29, 2022, the United States Patent Trial and Appeal Board determined in IPR2022-00283 that Amazon has established a reasonable likelihood that all claims of the '004 patent would have been obvious over prior art.

47.     On June 29, 2022, the United States Patent Trial and Appeal Board determined in IPR2022-00283 that Amazon has established a reasonable likelihood that at least one claim of the '004 patent would have been obvious over prior art.

48.     On June 29, 2022, the United States Patent Trial and Appeal Board determined in IPR2022-00283 that Amazon has established a reasonable likelihood of prevailing on its assertion that claim 1 of the '004 patent would have been obvious over U.S. Patent Application Publication No. 2007/0124363 A1.

49.     On March 2, 2022, the United States Patent Trial and Appeal Board instituted an *inter partes* review of all claims of the '004 patent.  *See* IPR2021-01445 (Paper 15).

50.     On March 2, 2022, the United States Patent Trial and Appeal Board

determined in IPR2021-01445 that Juniper Networks, Inc. has established a reasonable likelihood that all claims of the '004 patent would have been obvious over prior art.

51.     On March 2, 2022, the United States Patent Trial and Appeal Board determined in IPR2021-01445 that Juniper Networks, Inc. has established a reasonable likelihood that at least one claim of the '004 patent would have been obvious over prior art.

52.     On March 2, 2022, the United States Patent Trial and Appeal Board determined in IPR2021-01445 that Juniper Networks, Inc. has established a reasonable likelihood that claim 1 of the '004 patent would have been obvious over U.S. Patent No. 6,006,249 and M. Rogers & V. Bare, *Hands-on AppleTalk* (1989).

53.     The named inventor of U.S. Patent No. 6,006,249 is Sang F. Leong.  *See* IPR2021-01445 Exhibit 1005.

54.     U.S. Patent No. 6,006,249 issued on December 21, 1999.

55.     U.S. Patent No. 6,006,249 is prior art to the claims of the '004 patent under 35 U.S.C. § 102(b).

56.     M. Rogers & V. Bare, *Hands-on AppleTalk* (1989), was published by Brady Books, has a copyright date of 1989, and an ISBN of 0-13-039678-9.  *See* IPR2021-01445 Exhibit 1006.

57.     M. Rogers & V. Bare, *Hands-on AppleTalk* (1989), is prior art to the claims of the '004 patent under 35 U.S.C. § 102(b).

58.     All claims of the '004 patent are invalid for the above, as well as additional, reasons.

1
2

## SECOND COUNTERCLAIM
## (INVALIDITY OF THE '275 PATENT)

3    59.    Amazon realleges and incorporates by reference the allegations contain in

4    Paragraphs 1–58 above as though fully set forth herein.

5
6    60.    Swarm purports to be the sole owner by assignment of all right, title, and

7    interest in and to the '275 patent.  *See* FAC ¶¶ 6, 82.

8    61.    In this action, Swarm alleges that Amazon has infringed and continues to

9    infringe claims 1–17 of the '275 patent.

10
      62.    Amazon denies that any claim of the '275 patent is valid.
11

12    63.    Amazon asserts that all claims of the '275 patent are invalid for failure to

13    comply with one or more requirements of the Patent Laws of the United States, 35 U.S.C.

14    §§ 100, *et seq.*, including but not limited to §§ 101, 102, 103, 112, and/or 116.

15
16    64.    All claims of the '275 patent are directed to an abstract idea.

17    65.    All claims of the '275 patent are directed to the abstract idea of a scrum

18    board, or project management using a scrum board.

19    66.    None of the claims of the '275 patent include an inventive concept that

20    renders it significantly more than the abstract idea to which it is directed.

21
22    67.    None of the claims of the '275 patent include significantly more to transform

23    the claimed abstract idea into a patent-eligible invention.

24    68.    All claims of the '275 patent are invalid under 35 U.S.C. § 101 based on

25    *Alice Corp. v. CLS Bank International*, 573 U.S. 208 (2014), and its progeny.

26
27    69.    All claims of the '275 patent are invalid at least under 35 U.S.C. § 103

28    because such claims would have been obvious based on prior art.

70.     Claims 1, 3, 6, 11–12, 14, and 16–17 of the '275 patent would have been obvious based on U.S. Patent Application Publication No. 2007/0124363 A1 in view of *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980). *See* Amazon's Petition for *Inter Partes* Review of U.S. Patent No. 10,592,275 (PTAB) (February 25, 2022).

71.     The first named inventor of U.S. Patent Application Publication No. 2007/0124363 A1 is Roy Lurie. *See* IPR2022-00633 Exhibit 1007.

72.     U.S. Patent Application Publication No. 2007/0124363 A1 published on May 31, 2007.

73.     U.S. Patent Application Publication No. 2007/0124363 A1 is prior art to the claims of the '275 patent under 35 U.S.C. § 102(b).

74.     *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980), originally published in 1980. *See* IPR2022-00633 Exhibit 1009.

75.     *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980), published in *Computer Communication Review* in July 1981.

76.     *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980), was made publicly available in print by the University of Wisconsin-Madison Library at least as early as October 11, 1981.

77.     *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980), was publicly available on the Internet Archive

at least as early as July 25, 2011.

78.     *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980), is prior art to the claims of the '004 patent under 35 U.S.C. § 102(b).

79.     Claims 2, 4, 7, 9–10, 13, and 15 of the '275 patent would have been obvious based on U.S. Patent Application Publication No. 2007/0124363 A1 in view of (a) *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980); (b) Gregory R. Andrews, FOUNDATIONS OF MULTITHREADED PARALLEL, AND DISTRIBUTED PROGRAMMING (2000); and/or (c) U.S. Patent Application Publication No. 2005/0132380 A1.  *See* Amazon's Petition for *Inter Partes* Review of U.S. Patent No. 10,592,275 (PTAB) (February 25, 2022).

80.     Gregory R. Andrews, FOUNDATIONS OF MULTITHREADED PARALLEL, AND DISTRIBUTED PROGRAMMING (2000), was published, and indexed and cataloged in at least the Library of Congress and Stanford University Libraries by February 2000.  *See* IPR2022-00633 Exhibit 1011.

81.     Gregory R. Andrews, FOUNDATIONS OF MULTITHREADED PARALLEL, AND DISTRIBUTED PROGRAMMING (2000), is prior art to the claims of the '275 patent under 35 U.S.C. § 102(b).

82.     The first named inventor of U.S. Patent Application Publication No. 2005/0132380 A1 is Alex Chughen Chow.  *See* IPR2022-00633 Exhibit 1008.

83.     U.S. Patent Application Publication No. 2005/0132380 A1 published on June 16, 2005.

84.     U.S. Patent Application Publication No. 2005/0132380 A1 is prior art to the claims of the '275 patent under 35 U.S.C. § 102(b).

85.     Claim 5 of the '275 patent would have been obvious based on U.S. Patent Application Publication No. 2007/0124363 A1 in view of (a) *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980) and (b) U.S. Patent Application Publication No. 2012/0192201 A1.  *See* Amazon's Petition for *Inter Partes* Review of U.S. Patent No. 10,592,275 (PTAB) (February 25, 2022).

86.     The first named inventor of U.S. Patent Application Publication No. 2012/0192201 A1 is Benjamin Thomas Sander.  *See* IPR2022-00633 Exhibit 1010.

87.     U.S. Patent Application Publication No. 2012/0192201 A1 published on July 26, 2012.

88.     U.S. Patent Application Publication No. 2012/0192201 A1 is prior art to the claims of the '275 patent under 35 U.S.C. § 102(a) and 35 U.S.C. § 102(e).

89.     Claim 8 of the '275 patent would have been obvious based on U.S. Patent Application Publication No. 2007/0124363 A1 in view of (a) *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980); (b) Gregory R. Andrews, FOUNDATIONS OF MULTITHREADED PARALLEL, AND DISTRIBUTED PROGRAMMING (2000); and (c) Ali Marjovi *et al.*, *Robotic Clusters: Multi-Robot Systems as Computer Clusters A Topological Map Merging Demonstration*, 60 ROBOTICS AUTONOMOUS SYS. 1191 (2012).  *See* Amazon's Petition for *Inter Partes* Review of U.S. Patent No. 10,592,275 (PTAB) (February 25, 2022).

90.     Ali Marjovi *et al.*, *Robotic Clusters: Multi-Robot Systems as Computer*

*Clusters A Topological Map Merging Demonstration*, 60 ROBOTICS AUTONOMOUS SYS. 1191 (2012), was published and available online at least by May 22, 2012.  *See* IPR2022-00633 Exhibit 1026.

91.     Ali Marjovi *et al.*, *Robotic Clusters: Multi-Robot Systems as Computer Clusters A Topological Map Merging Demonstration*, 60 ROBOTICS AUTONOMOUS SYS. 1191 (2012), was archived by the Internet Archive no later than January 16, 2013.

92.     Ali Marjovi *et al.*, *Robotic Clusters: Multi-Robot Systems as Computer Clusters A Topological Map Merging Demonstration*, 60 ROBOTICS AUTONOMOUS SYS. 1191 (2012), is prior art to the claims of the '275 patent under 35 U.S.C. § 102(a).

93.     The United States Patent Trial and Appeal Board has determined that there is a reasonable likelihood that all claims of the '275 patent are unpatentable.

94.     The United States Patent Trial and Appeal Board has determined that there is a reasonable likelihood that at least one claim of the '275 patent is unpatentable.

95.     On September 6, 2022, the United States Patent Trial and Appeal Board instituted an *inter partes* review of all claims of the '275 patent.  *See* IPR2022-00633 (Paper 8).

96.     On September 6, 2022, the United States Patent Trial and Appeal Board determined in IPR2022-00633 that Amazon has established a reasonable likelihood that all claims of the '275 patent would have been obvious over prior art.

97.     On September 6, 2022, the United States Patent Trial and Appeal Board determined in IPR2022-00633 that Amazon has established a reasonable likelihood that at least one claim of the '275 patent would have been obvious over prior art.

98.     On September 6, 2022, the United States Patent Trial and Appeal Board determined in IPR2022-00633 that Amazon has established a reasonable likelihood of prevailing on its assertion that claim 1 of the '275 patent would have been obvious over U.S. Patent Application Publication No. 2007/0124363 A1 in view of *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980).

99.     On May 16, 2022, the United States Patent Trial and Appeal Board instituted an *inter partes* review of claims 1–7 and 9–17 of the '275 patent.  *See* IPR2022-00141 (Paper 14).

100.    On May 16, 2022, the United States Patent Trial and Appeal Board determined in IPR2022-00141 that Juniper Networks, Inc. has established a reasonable likelihood that claims 1–7 and 9–17 of the '275 patent would have been obvious over prior art.

101.    On May 16, 2022, the United States Patent Trial and Appeal Board determined in IPR2022-00141 that Juniper Networks, Inc. has established a reasonable likelihood that at least one claim of the '275 patent would have been obvious over prior art.

102.    On May 16, 2022, the United States Patent Trial and Appeal Board determined in IPR2022-00141 that Juniper Networks, Inc. has established a reasonable likelihood that at least claim 1 of the '275 patent would have been obvious over U.S. Patent No. 6,006,249 and M. Rogers & V. Bare, *Hands-on AppleTalk* (1989).

103.    The named inventor of U.S. Patent No. 6,006,249 is Sang F. Leong.  *See*

IPR2022-00141 Exhibit 1005.

104.    U.S. Patent No. 6,006,249 issued on December 21, 1999.

105.    U.S. Patent No. 6,006,249 is prior art to the claims of the '275 patent under 35 U.S.C. § 102(b).

106.    M. Rogers & V. Bare, *Hands-on AppleTalk* (1989), was published by Brady Books, has a copyright date of 1989, and an ISBN of 0-13-039678-9.  *See* IPR2022-00141 Exhibit 1006.

107.    M. Rogers & V. Bare, *Hands-on AppleTalk* (1989), is prior art to the claims of the '275 patent under 35 U.S.C. § 102(b).

108.    All claims of the '275 patent are invalid for the above, as well as additional, reasons.

### THIRD COUNTERCLAIM
### (INVALIDITY OF THE '777 PATENT)

109.    Amazon realleges and incorporates by reference the allegations contain in Paragraphs 1–108 above as though fully set forth herein.

110.    Swarm purports to be the sole owner by assignment of all right, title, and interest in and to the '777 patent.  *See* FAC ¶¶ 6, 82.

111.    In this action, Swarm alleges that Amazon has infringed and continues to infringe claims 1–14 of the '777 patent.

112.    Amazon denies that any claim of the '777 patent is valid.

113.    Amazon asserts that all claims of the '777 patent are invalid for failure to comply with one or more requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq.*, including but not limited to §§ 101, 102, 103, 112, and/or 116.

114.    All claims of the '777 patent are directed to an abstract idea.

115.    All claims of the '777 patent are directed to the abstract idea of a scrum board, or project management using a scrum board.

116.    None of the claims of the '777 patent include an inventive concept that renders it significantly more than the abstract idea to which it is directed.

117.    None of the claims of the '777 patent include significantly more to transform the claimed abstract idea into a patent-eligible invention.

118.    All claims of the '777 patent are invalid under 35 U.S.C. § 101 based on *Alice Corp. v. CLS Bank International*, 573 U.S. 208 (2014), and its progeny.

119.    All claims of the '777 patent are invalid at least under 35 U.S.C. § 103 because such claims would have been obvious based on prior art.

120.    All claims of the '777 patent are invalid at least under 35 U.S.C. § 103 because such claims would have been obvious based on one or more of the following prior art references:

(a) U.S. Patent Application Publication No. 2007/0124363 A1;

(b) *The Ethernet – A Local Area Network, Data Link Layer and Physical Layer Specifications*, Version 1.0 (Sept. 30, 1980);

(c) U.S. Patent Application Publication No. 2012/0192201 A1;

(d) U.S. Patent Application Publication No. 2005/0132380 A1;

(e) Gregory R. Andrews, Foundations of Multithreaded Parallel, and Distributed Programming (2000);

(f) Ali Marjovi *et al.*, *Robotic Clusters: Multi-Robot Systems as Computer*

*Clusters A Topological Map Merging Demonstration*, 60 Robotics Autonomous Sys. 1191 (2012);

(g) U.S. Patent No. 6,006,249; and

(h) M. Rogers & V. Bare, *Hands-on AppleTalk* (1989).

121.    All claims of the '777 patent are invalid for the above, as well as additional, reasons.

## **PRAYER FOR RELIEF**

WHEREFORE, Amazon respectfully requests that this Court enter judgment in its favor, including:

A.  that the Court find and declare that each and every claim of the Patents-in-Suit is invalid, without any force or effect against Amazon;

B.  that Swarm takes nothing by its First Amended Complaint, that final judgment be entered in favor of Amazon, and that all relief requested by Swarm be denied with prejudice; and

C.  that the Court find and declare that Amazon is the prevailing party; that this case is exceptional under 35 U.S.C. § 285; and that Amazon be awarded all of its costs, expenses, and attorneys' fees; and

D.  that the Court grant Amazon such other and additional relief, in law or in equity, as the Court deems just and proper.

DATED:  September 9, 2022

SPENCER FANE LLP

By  */s/ Andrew M. Federhar*
    Andrew M. Federhar
    Jessica A. Gale

    *Attorneys for Defendants Amazon.com, Inc.*
    *and Amazon Web Services, Inc.*

LATHAM & WATKINS LLP

By  */s/ Adam M. Greenfield (with permission)*
    Adam M. Greenfield
    Maximilian A. Grant
    Gabriel K. Bell
    David A. Zucker
    Kimberly Q. Li

    *Attorneys for Defendants Amazon.com, Inc.*
    *and Amazon Web Services, Inc.*

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3

I hereby certify that on September 9, 2022, a copy of the foregoing was filed electronically using the Clerk of Court's CM/ECF system, which will provide notice to all counsel of record.

4

5

6

Leo R. Beus
Michael K. Kelly
Christine N. Jones
Timothy J. Casey
Daniel J. Anderson
BEUS GILBERT McGRODER PLLC
701 North 44th Street
Phoenix, AZ 85008-6504
+1.480.429.3015
lbeus@beusgilbert.com
mkelly@beusgilbert.com
cjones@beusgilbert.com
tcasey@beusgilbert.com
danderson@beusgilbert.com

7

8

9

10

11

12

13

*Attorneys for Plaintiff Swarm Technology, LLC*

14

15

*/s/ Andrew M. Federhar*

16

17

18

19

20

21

22

23

24

25

26

27

28